W. J. COMBS, Appellant
(Plaintiff below),

v.

C. W. WALTERS, Appellee
(Defendant below).

No. 4274.

Supreme Court of Wyoming.

Feb. 4, 1974.

Louis A. Mankus, Cheyenne, for appellant.

No appearance for appellee.

Before PARKER, C. J., and McEWAN, GUTHRIE, McINTYRE and McCLINTOCK, JJ.

PER CURIAM.

Suit was brought by W. J. Combs against C. W. Walters on a note. Claim was made for a balance of $825.00 on the note and $275.00 as attorney's fees. The district court entered judgment for the dismissal of plaintiff's complaint, with an order for payment of $825.00 by defendant to plaintiff.

The only complaint made on appeal is that the district court did not allow attorney's fees, whereas the note provided, in the event of default of payment of the note, if the same was placed in the hands of an attorney for collection, the payee was to pay a reasonable attorney's fee and cost of collection.

Summary judgment was asked for by plaintiff and affidavits were filed. It is undisputed in the evidence that the note was for $1,650.00 due April 30, 1973. On April 26, 1973 Walters paid $825.00 and promised Combs orally that the balance would be paid as soon as Walters received payment from B. C. Homes Co. There appears to have been no objection to this at the time the promise was made. On May 16, Walters informed Combs that in the event he had not received payment from B. C. Homes Co. by May 21 he would go and get such payment. This he did.

Defendant then saw plaintiff and informed him it would take an hour to cash the Homes check and make a deposit, whereupon payment to Combs would be made. Plaintiff said he had turned the matter over to his attorney. The attorney was notified on May 21 that Walters had a check for $825.00 payable to Combs. The attorney, however, demanded $125.00 for his legal fees and Walters refused to pay this fee.

Still, on May 21, Walters mailed a check to Combs by registered mail, return receipt requested. The letter with the check was receipted for by plaintiff at 4:45 p. m. on May 22, 1973.

The discretion allowed trial courts in the setting of reasonable fees is based upon their experience and knowledge in that professional field in which they are deemed to have peculiar competence; also it is fundamental and necessary that some proof is required or there be some evidentiary base for a finding in a determination of a reasonable attorney's fee in a collection matter.[1]

Although a previous demand for payment of a debt is generally not necessary to a recovery of attorney's fees under the terms of a note when a cause of action has accrued, the trial court could have found that the defendant had a valid basis for believing that the plaintiff would not institute legal proceedings to collect the note without further notice and giving him an opportunity to make payment. While the general rule is that a valid provision for attorney's fees in a note is as much an obligation of the contract as any part of it, the trial court still has discretion in exercising its equitable control to allow only such sum as it thinks reasonable. A trial court in its discretion may properly disallow attorney's fees altogether on the basis that such recovery would be inequitable. Graves v. Burch, 26 Wyo. 192, 181 P. 354, 5 A.L.R. 1216.

In this particular case the trial court was justified in believing that plaintiff knew or should have known that employment of an attorney and institution of suit were not necessary, and there was no abuse of discretion in denying attorney's fees under the circumstances of this case.

Affirmed.

---

1. Wallace v. Casper Adjustment Service, Wyo., 500 P.2d 72, 73.