Norma L. BRUEGGER,
Plaintiff-Appellee-Cross-Appellant,

v.

NATIONAL OLD LINE INSURANCE COMPANY,
Defendant-Appellant-Cross-Appellee.

Nos. 75–1229, 75–1230.

United States Court of Appeals,
Tenth Circuit.

Feb. 13, 1976.

George A. Clarke, Lusk, Wyo., for appellant-cross-appellee.

G. G. Greenlee, of Murane, Bostwick, McDaniel, Scott, Greenlee & Owens, Casper, Wyo., for appellee-cross-appellant.

Before LEWIS, Chief Judge, and McWILLIAMS and DOYLE, Circuit Judges.

PER CURIAM.

■ This is a diversity case involving the primary issue of the defendant insurance company's liability under a policy of life insurance issued on the life of plaintiff's husband and naming plaintiff as beneficiary. The undisputed and determinative facts stem from the murder of the insured after complete compliance with policy reinstatement requirements by the policyholder while in good health and before the murder, and the acceptance of such reinstatement by the company after the murder but without knowledge of that occurrence. The trial court held that under the policy provisions and Wyoming law the policy was in effect and imposed liability upon defendant. The comprehensive memorandum opinion of the district court of the District of Wyoming is reported at 387 F.Supp. 1177. The opinion sets forth the reasoning of the trial court in denying attorney fees and prejudgment interest, the latter ruling being the subject of a cross-appeal.

■ We affirm the trial court on the issue of liability for the reasons stated in the court's memorandum opinion [1] and agree with the court's generalization that awards of attorney fees and prejudgment interest under Wyoming case and statutory law are matters directed to the ⸴court's discretion. D.C., 387 F.Supp. at 1184. We hold, however, that the court should have allowed prejudgment interest.

■ In denying an award for attorney fees the trial court held, in effect, that in view of the unsettled state of Wyoming law the insurance company was justified in good conscience in denying liability. No appellate complaint is made of this ruling but the court's reasoning cảnnot be carried over as applicable to the denial of prejudgment interest. Wyoming has early recognized that denial of prejudgment interest may be a "very handsome method of avoiding the payment of interest on one's debts." *Wyoming Ry. Co. v. Leiter*, 25 Wyo. 286, 169 P. 1, 2. Later cases, although denying prejudgment interest on unliquidated claims, are persuasive that where, as here, the sum owed is precise and certain, as a matter of law, prejudgment interest is an appropriate award. *Tenneco Oil Co. v. Gaffney*, 10 Cir., 369 F.2d 306, 310 (applying Wyoming law); *Shidler v. Clayton Oil Co.*, Wyo., 502 P.2d 987; *Chandler-Simpson, Inc. v. Gorrell*, Wyo., 464 P.2d 849.

■ Wyoming law, in absence of contractual provisions, sets the interest rate at 7 percent. Wyo.Stat. 13–477 (Cum. Supp.1975).

The case is remanded to the district court with directions to amend the judgment to allow prejudgment interest and is affirmed in all other respects.

1. We note however that the trial court's published opinion at page 1179 (last paragraph) should read April 16, 1973, as the date of mailing the "Special Offer" and that at page 1180 (top line) the word "deceased" should read "the owner Mrs. Bruegger."