**William Staunton DENNIS,
Appellant (Defendant),**

v.

**Rose Graves DENNIS, Appellee
(Plaintiff).**

**No. 83–133.**

Supreme Court of Wyoming.

Jan. 24, 1984.

Earl R. Johnson, Jr., Casper, for appellant.

Frank R. Chapman, Casper, for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

BROWN, Justice.

Appellant husband appeals from a judgment and decree entered in a divorce action brought by appellee wife. Appellant claims that the judgment and decree was entered by the trial court without conference on portions of the decree that he

disagrees with, that it does not reflect the trial court's decision letter, and it was not a proper disposition of the assets and liabilities of the parties.

We affirm.

A judgment and decree was prepared by appellee's counsel in compliance with Rule 9, Uniform Rules for the District Court of the State of Wyoming, and the trial court's decision letter dated April 27, 1983. Rule 9 states:

"It will be the responsibility of the successful or prevailing party to prepare promptly all orders, decrees, or judgments in accordance with the pronouncement of the court, and in contested cases the same will be submitted to opposing counsel for approval as to form, which will be endorsed on the original over counsel's signature before presentation to the court. In the event respective counsel disagree as to the form, such fact will be promptly reported to the court for settlement by conference or otherwise as the court may deem most expedient. The title of each order shall briefly state its import."

The decision letter specified further:

"Will [counsel for appellee] prepare judgment for counter-signature [by counsel for appellant], remembering to make record of a conveyance of the proposed judgment to defendant so that absent counter-signature within ten (10) days of transmittal the judgment may be presented to the Court for execution without counter-signature."

On May 12, 1983, appellee delivered a copy of the proposed judgment and decree to appellant for approval as to form. On May 20, 1983, appellant informed appellee that he would not approve the judgment and decree as proposed and would seek a conference with the court. On May 23, 1983, appellant's counsel claims that in the presence of the setting clerk and with counsel for appellee on the telephone he requested a setting and was given a date and time, which was approved by both attorneys, for arguing his objections to the judgment and decree. Counsel for appellee,

however, states that on May 23, 1983, he called the setting clerk, who informed him that appellant's counsel was in chambers to discuss this matter with the court and heard nothing further about the matter. Counsel for appellee wrote a letter to the court, filed on May 31, 1983, which states the above-mentioned facts and goes on to request that the court require appellant's counsel to submit his objections in writing or that the judgment and decree be signed as was directed in the decision letter. The trial court thereafter signed the judgment and decree and it was entered on May 31, 1983.

The issues raised by appellant are:

"I. Should the Court have executed the Judgment and Decree without conference when the Defendant disagreed with the Judgment prepared by Plaintiff?

"II. Does the Judgment and Decree properly reflect the Decision Letter of the Court?

"III. Did the Court abuse its discretion regarding the distribution of assets and liabilities between the parties?"

Rule 9 of the District Court Rules requires that appellant should have promptly reported any disagreement he may have had with the judgment and decree to the court for settlement. The trial court made it clear in its decision letter that a response was expected from appellant's counsel within ten days. Nowhere in the record on appeal is there an indication that counsel for appellant reported his disagreement to the court.

Except for appeals which involve issues of jurisdiction or fundamental rights, we will not ordinarily consider contentions of error unless the trial court has first been apprised thereof and given an opportunity to rule upon the alleged error. *Matter of Parental Rights of PP*, Wyo., 648 P.2d 512 (1982). The trial court is usually apprised of the error by means of objection together with reasons in support of the objection. *Matter of Parental Rights of PP*, supra. Appellant did not carry through with his objections so that

the court could rule upon them, he did not comply with Rule 9, District Court Rules, and did not comply with the court's decision letter of April 27, 1983. The trial court, therefore, properly signed the judgment and decree as presented by appellee.

 The second contention raised by appellant as to whether the judgment and decree properly reflects the decision letter is an issue which should have also been submitted to the trial court for a ruling. If appellant objected to the judgment and decree, he should have brought this to the court's attention. We will not consider questions on appeal that are not properly raised in the trial court. *ABC Builders, Inc. v. Phillips*, Wyo., 632 P.2d 925 (1981).

Finally, appellant claims that the trial court abused its discretion by the division of the assets and liabilities that it ordered between the parties. Appellant discusses the division of the net proceeds from the sale of the parties' home and payment of the second mortgage. The trial court ordered that the net proceeds from the sale of the house be divided equally between the parties, and also ordered that appellant obtain a release from the second mortgage on the house.[1]

Appellant objects to the equal distribution of the net proceeds from the sale of the home. He contends that he contributed $39,000 for a down payment, $5,200 for a fence and landscaping, and $48,600 in monthly payments for a total of $92,800, while appellee contributed only $12,500 for part of the down payment. Appellant also objects to the order that he must pay the second mortgage.

Appellee asserts that the trial court's division of assets and liabilities does not reflect an abuse of discretion. She points out that the court specifically ruled under both the principles of equity and an antenuptial agreement that the distribution of the proceeds from the parties' house should be equal, and that the trial court's discretion should not be disturbed except upon

clear grounds because it is in a better position than the appellate court to judge the respective merits and needs of the parties. See *Paul v. Paul*, Wyo., 616 P.2d 707 (1980); and *Warren v. Warren*, Wyo., 361 P.2d 525 (1961).

 A trial court has great discretion in dividing marital property and a just and equitable division need not be equal. There are no hard and fast rules governing the division of marital property. *Klatt v. Klatt*, Wyo., 654 P.2d 733 (1982). In *Martinez v. State*, Wyo., 611 P.2d 831, 838 (1980), we said:

> "A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the trial court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances. * * *"

In *Paul v. Paul*, supra, we discussed our hesitancy to disturb a property settlement fixed by a trial court.

> "There must be a clear abuse of discretion before we will upset or adjust such a settlement. We consider 'abuse of discretion,' to be such abuse as shocks the conscience of the court. It must appear so unfair and inequitable that reasonable persons could not abide it."

We cannot say as a matter of law that the trial court abused its discretion in its division of the assets and liabilities of the parties.

Affirmed.

---

1. The second mortgage was taken on the parties' home to pay some of appellant's debts and to secure a loan for appellant's business.