**Karen M. GARLACH,**
**Appellant (Plaintiff),**

v.

**T. Michael TUTTLE, J. Patrick Tuttle,**
**and Mary L. Tuttle, Appellees**
**(Defendants).**

**No. 85–6.**

Supreme Court of Wyoming.

Aug. 23, 1985.

William A. Riner, Cheyenne, for appellant.

James W. Gusea of Vines, Rideout, Gusea and White, Cheyenne, for appellees.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

ROONEY, Justice.

This is an appeal from a judgment, after trial to the court, on a contract action. The court found in favor of the plaintiff, but allowed a setoff based on the defendants' counter-claim.

We affirm.

In December of 1982, plaintiff decided to sell her business which was known as The Lighting Gallery. The defendants were interested in buying said business, and negotiations began. An inventory and pricing

of the inventory were completed around February 3, 1983. The defendants submitted an acceptable offer on February 7, 1983. On February 17, 1983, certain funds and a promissory note were escrowed at The Title Guarantee Company of Wyoming. The transaction was closed on February 22, 1983, with the funds being disbursed and the promissory note being delivered to the plaintiff.

Thereafter, the bookkeeper for the defendants began a detailed comparison of the inventory pricing. In April 1984 the bookkeeper sent a detailed letter to the plaintiff indicating inventory that she felt had been overpriced, and asking to meet with the plaintiff to discuss the discrepancies. There was no reply to the letter. The defendants eventually discontinued payment on the note due to these discrepancies, some of which were the result of inventory overpricing and others which represented goods sold after inventory and before closing and not replaced.

The plaintiff then filed suit on the note, and the defendants answered and counterclaimed. At trial the parties stipulated that the actual inventory was $5,019.63 less than the minimum requirement of $75,-000.00 in the contract; it was also stipulated that $2,839.57 worth of inventory was sold after the inventory was taken but prior to closing and not replaced as required by the contract.

The trial court rendered judgment in favor of the plaintiff, but offset the two stipulated amounts referred to above in favor of the defendants. Thus the plaintiff's award amounted to $36.58 plus interest totaling $2.56, reasonable attorney's fees totaling $50.00 and costs totaling $43.90. The plaintiff then appealed.

The plaintiff (hereinafter appellant) indicates that the issue in this case is the viability of the defendants' (hereinafter appellees) counter-claim. The appellant argues that the appellees' counter-claim is irrelevant because on February 22 the appellees signed a letter to the escrow agent which said in part, "[w]e, the undersigned, hereby agree that Karen M. Garlach has satisfied all terms of the Purchase Contract dated February 3, 1983." The letter signed by the appellees was for the purpose of releasing the funds and note held by the escrow agent.

The purchase contract, or its addendum, contained the requirements that the inventory "must show $75,000.00 or better"; that

"Notwithstanding the provisions as set forth above with respect to the purchase price, in the event the actual wholesale value of the current saleable inventory is less than [Seventy-Five Thousand Dollars ($75,000.00)], the purchase price offered hereunder shall be the value of the inventory and the amounts listed in sub-paragraphs (2) and (3) above shall be reduced accordingly;"

and that

"the gross amount of any and all sales of goods by the Seller following inspection and determination of the value of the inventory and prior to possession of premises by Purchasers shall be deducted from the purchase price herein or credited to an account in the name of the Purchasers."

The appellant seems to be claiming that the appellees' counter-claim is somehow irrelevant because of the doctrine of equitable estoppel. The appellant urges this because the appellees could have checked the inventory pricing for accuracy prior to releasing the escrow.

■ Equitable estoppel is applied to prevent fraud, actual or constructive, and it should always be applied to promote the ends of justice. 28 Am.Jur.2d Estoppel and Waiver § 28.

"Equitable estoppel precludes a party who knows the truth from denying the assertion of any material fact with which he induced another to change his position where such other person is ignorant of the facts, had a right to rely upon the assertions, and suffers an injury. 28 Am.Jur.2d Estoppel and Waiver § 27. Estoppel arises only when a party, by acts, conduct, or acquiescence causes an-

other to change his position. *Boise Cascade Corp. v. First Security Bank of Anaconda*, 183 Mont. 378, 600 P.2d 173 (1979). * * * " *Roth v. First Security Bank of Rock Springs*, Wyo., 684 P.2d 93, 96 (1984).

■ Equitable estoppel is clearly not applicable here. The appellant was the person who took the original inventory and priced it, so she certainly was not ignorant of the facts. There is no evidence that she relied on any assertions made by the appellees, nor is there evidence that she changed her position or was in any way injured because of anything the appellees did. If anything, the appellant, herself, ought to be estopped from denying the appellees' claims; the equities lie with the appellees.

The appellant, in her brief, also raises an issue under the Uniform Commercial Code, § 34–21–101 et seq., W.S.1977. This issue was not raised at the trial level.

"Except for appeals which involve issues of jurisdiction or fundamental rights, we will not ordinarily consider contentions of error unless the trial court has first been apprised thereof and given an opportunity to rule upon the alleged error. *Matter of Parental Rights of PP*, Wyo., 648 P.2d 512 (1982). The trial court is usually apprised of the error by means of objection together with reasons in support of the objection. *Matter of Parental Rights of PP*, supra. * * * " *Dennis v. Dennis*, Wyo., 675 P.2d 265, 266 (1984).

■ Essentially this case consists of a breach of contract. Even the U.C.C. allows for a "reasonable time" for the buyer to discover any breach and notify the seller before he is barred. Section 34–21–270(c), W.S.1977. However, we need not reach the U.C.C. issue inasmuch as the contract made express provision for the exact situation which arose here. The contract provides that:

"The purchase price offered hereunder shall be based upon the value of inventory only and specifically shall not include amounts for goodwill, going concern value or trade name."

The contract also expressly provides that "in the event the actual wholesale value of the current saleable inventory" is less than the agreed upon $75,000.00, the purchase price shall be "reduced accordingly."

We agree with the trial court's findings that:

"3. The actual inventory was Five Thousand Nineteen Dollars and 63/100 ($5,019.63) less than the minimum inventory required under the contract.

"4. Merchandise of a value of Two Thousand Eight Hundred Thirty-Nine Dollars and 57/100 ($2,839.57) was sold following completion of inventory and prior to the business changing hands that was not replaced as agreed.

"5. The two figures referenced in paragraphs 3 and 4 above should be deducted from the principal amount due and owing on the note from the Defendants to the Plaintiff and such deduction should be made as of the date of the making of said note."

The parties agreed that the purchase price should be reduced if the inventory was less than that agreed to, or if inventory was sold and not replaced. This is what happened; therefore, the purchase price should have been reduced accordingly.

The appellees request us to assess costs against the appellant. They contend that we should refuse to consider the contentions of the appellant, pursuant to Rule 1.02, W.R.A.P., for failure to comply with Rule 5.01, W.R.A.P. Rule 1.02, W.R.A.P., provides:

"The timely filing of a notice of appeal is jurisdictional. The failure to comply with any other of these rules or any order of court does not affect the validity of the appeal, but is ground only for such action as the reviewing court deems appropriate, including but not limited to citation of counsel or a party for contempt, refusal to consider the offending party's contentions, assessment of costs, or dismissal or affirmance."

Rule 5.01, W.R.A.P., provides in part:

"The brief of the appellant shall contain under appropriate headings and in the order here indicated:

\* \* \* \* \* \*

"(2) A statement of the issues presented for review;

\* \* \* \* \* \*

"(4) An argument. The argument may be preceded by a summary. The argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on."

The appellees then argue:

" \* \* \* Preparing a brief and argument before the Supreme Court is a difficult, time consuming and expensive proposition. Paradoxically, this task is made much more difficult, time consuming and expensive when responding to a brief which contains neither definitive issues nor authority. For that reason, the Appellees would respectfully request that this Court not only affirm the order of the trial court, but that it also award attorneys' fees and costs necessarily incurred by Appellees in responding to the Appellant's brief."

It is true that the appellant presented no statement of the issues in her brief. It is also true that the appellant did not support her position with cogent arguments or authority.

" \* \* \* An appellant is required to present this court with relevant authority and cogent argument. It is not enough to identify a potential issue with the expectation that this court will flesh out the matter from there. The appellant, at a minimum, must attempt to relate the rule of law he depends upon to the facts of his case. \* \* \* " *Elder v. Jones,* Wyo., 608 P.2d 654, 660 (1980).

The appellees herein were forced to frame the issues for the appellant, argue them, and then refute them. Accordingly, we will assess costs in this case against the appellant.

Affirmed.