**Leonard LEBSACK, Appellant (Employee-Claimant),**

v.

**TOWN OF TORRINGTON, Appellee (Employer-Defendant),**

v.

**The STATE of Wyoming, ex rel. WYOMING WORKER'S COMPENSATION DIVISION, Appellee (Objector-Defendant).**

Supreme Court of Wyoming.

Oct. 31, 1985.

Robert T. Moxley, Wheatland, signed the briefs and appeared in oral argument on behalf of appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Ren-

---

neisen, Sr. Asst. Atty. Gen., Terry J. Harris, Asst. Atty. Gen., and Stephen H. Graham, Torrington, for Town of Torrington, signed the brief on behalf of appellees. Michael A. Blonigen, Asst. Atty. Gen., appeared in oral argument.

## SUPPLEMENTAL OPINION

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

ROONEY, Justice.

Subsequent to the opinion of April 25, 1985 in this case, *Lebsack v. Town of Torrington*, 698 P.2d 1141 (Wyo.1985), appellant filed a petition for rehearing and a motion to remand the case for recalculation of the award using August 6, 1981 as the proper date for doing so inasmuch as the trial court stated in its Conclusion of Law No. 18 "this condition has existed since as early as August 6, 1981." We denied the petition for rehearing, but granted the motion to remand the case for recalculation of the award by order dated July 29, 1985, 703 P.2d 338 (Wyo.1985). The trial court has inquired concerning the direction contained in such order.

The Honorable J.T. Langdon, District Judge, Eighth Judicial District, has now called to the attention of this court the fact that the trial court did not purport to find August 6, 1981 as the date of the compensable injury in this case, and that the recitals in the Findings of Fact and Conclusions of Law to the effect that appellant had a compensable injury on that date were with reference to the determination that such existed on that date when examined by Dr. Preston. The injury itself and the compensable nature of it were in existence prior to the examination.

Judge Langdon notes that the record recites:

"Lebsack's accidental fall occurred on 8 September, 1978. Lebsack continued to work, but eventually filed a report of the accident on 27 June, 1979. He finally quit working in September of 1980 and a laminectomy was performed by Dr. Paul J. Preston on 15 October, 1980; Lebsack never returned to work. * * * While there are several other dates between 27 June, 1979 and 15 October, 1980, whereon Lebsack submitted to various examinations and treatments, the first surgical procedure occurred on 15 October aforesaid. Relying upon *Matter of Barnes*, 587 P.2d 214 (Wyo.1978) as to when a compensible [sic] injury occurs and upon *Matter of Shapiro*, 703 P.2d 1079 (Wyo. 1985) as to proper date for computation of the award, I believe that, without question, the latest possible effective date of the injury, ergo the award computation date, is 15 October, 1980, not 6 August, 1981."

We agree with Judge Langdon that the August 6, 1981 date is not the controlling date from which to calculate the award, and a Nunc Pro Tunc order amending the July 29, 1985 order, supra, is entered, deleting the introductory paragraph thereof, thus leaving the order for recalculation without indication as to a date upon which to do so. The recalculation may, or may not, change the award.

Remanded.

## NUNC PRO TUNC ORDER AMENDING ORDER GRANTING MOTION TO REMAND THE CASE FOR RECALCULATION OF THE AWARD

IT IS ORDERED that the July 29, 1985 Order of this Court, 703 P.2d 338 (1985), be, and the same hereby is, amended nunc pro tunc by deleting the introductory paragraph thereof.

Dated October 29, 1985.

By the Court
s/Richard V. Thomas
RICHARD V. THOMAS
Chief Justice