**Richard V. GOSE, Appellant (Defendant),**

v.

**Douglas M. HESS, Appellee (Plaintiff).**

No. 91–21.

Supreme Court of Wyoming.

Dec. 13, 1991.

Richard V. Gose, pro se.

J. Scott Burnworth of Schwartz, Bon, McCrary & Walker, Casper, for appellee.

Before URBIGKIT, C.J., THOMAS, CARDINE and GOLDEN, JJ., and ROONEY, Ret. J.

ROONEY, Justice, Retired.

Appellant appeals from a summary judgment entered on an action brought against him by appellee on a $4,429.74 promissory note given by appellant to the American Bank of Casper and transferred to appellee by the Federal Deposit Insurance Corporation (FDIC) after the bank failed and was taken over by FDIC. Appellant had filed a counterclaim for a set-off of $3,000, the amount paid by him on another note of his to another failed bank also taken over by the FDIC. The parties stipulated and the court found that the $3,000 payment was "on a loan which is separate and distinct from that which is sued upon in the present action."

The judgment was for $4,429.74 (the principal amount of the note), accrued interest thereon, court costs, and reasonable attorney's fees of $1,841, with the total to bear interest at the rate of 21 percent per annum until paid.

Appellant words the issues on appeal:

"A. Counterclaim should be permitted in the suit on a Promissory Note by Hess against Gose.

"B. Attorney's fees were granted without any evidence and were to be submitted to a Jury for its verdict.

"C. The interest rate of 21 percent exceeded the legal amount authorized."

Appellee words them:

"1. Does the appellant's counterclaim set forth a cause of action?

"2. Is there a genuine issue as to attorney's fees which was preserved below?

"3. Does W.S. § 1–16–102(b) as amended in 1988 apply to judgments entered after the effective date of the statute but arising out of obligations incurred before its effective date?"

We affirm.

### COUNTERCLAIM

■ Appellant contends the claimed $3,000 set-off is authorized by Wyo.Stat. § 1–1–106 (1988). It provides:

"When cross demands exist between persons under circumstances that if one brought an action against the other, a counterclaim or setoff could be set up, neither can be deprived of the benefit thereof by assignment by the other, or by his death, but the two (2) demands will be deemed compensated so far as they equal each other."

However, the premise for operation of the statute is not present in this case. Circumstances do not here exist which would allow appellant to offset or counterclaim for *payment or attempted payment* on one of the notes in an action on the other note. In other words, under the circumstances of this case, appellant could not have claimed the $3,000 set-off against the FDIC in an action brought by FDIC on the $4,429.74 note before it was assigned to appellee.

The $3,000 check was given to pay a separate $3,000 debt. It could not be said to *also* reduce the $4,429.74 debt. To do so would give a $6,000 credit for a $3,000 payment. However, in an affidavit made in support of his Motion to Dismiss, appellant states he "paid to the Federal Deposit Insurance Corporation $3,000 that *should have* been credited towards the payment of *this* promissory note, a copy of the canceled checked [sic] is attached hereto." (Emphasis added.) Application of the pay-

ment to this note by FDIC would have been contrary to the notation placed on the check by appellant. The notation read: "Payment on Note of Western National Bank." If an action were brought on the note of Western National Bank by FDIC or its assignee, appellant would have a defense of payment.[1]

Further, when FDIC takes over a failed bank, it is a receiver and acts in the capacity of that bank in winding up that bank's affairs. Here, it acts in the capacity of American Bank of Casper with reference to the $4,429.74 note and in the capacity of the Western National Bank with reference to the $3,000 note.

Even assuming that the FDIC desired to use the $3,000 payment for set-off against the $4,429.74 debt, the notation on the check reflecting it to be for payment of the $3,000 note would have prevented FDIC from doing so. To do so would have been similar to a set-off of one's debt against his general deposits in the bank. Speaking for the court, Justice Raper said in *Spratt v. Security Bank of Buffalo, Wyoming,* 654 P.2d 130, 135–36 (Wyo.1982):

"Before going further, we need to discuss a bank's right to set off against the general deposits in its possession. The bank's right of set-off to secure the payment of its depositor's indebtedness is a part of the law merchant and well established in commercial transactions. *Atkinson v. Federal Deposit Ins. Corp.,* [635 F.2d 508 (5th Cir.1981)]. For a bank to establish a right to set off, three conditions must be met: 'the fund to be set off must be the property of the debtor, the fund must be deposited without restrictions, and the existing indebtedness must be due and owing.' *Federal Deposit Ins. Corp. v. Pioneer State Bank,* [155 N.J.Super. 381,] 382 A.2d [958,] 962 [1977]. The bank's right to set off does not arise until the time the depositor's indebtedness to the bank has matured. *Bonhiver v. State Bank of Clearing,* [29 Ill.App.3d 794, 331 N.E.2d 390 (1975)]. Addressing appellant's

---

1. There is nothing in the record indicating a refusal to accept payment for the $3,000 note except appellant's statement that credit should have been given for it.

point, for set-off to be permissible, there must be mutuality of obligation between the debtor and his creditor, as well as between the debt and the fund on deposit. 5A Michie, Banks and Banking, § 115c. Debts to be used as set-offs must be due to and from the same persons in the same capacity. *United States v. Clawson,* 13 F.Supp. 178 (D.C.Wyo.1935)."

Wyo.Stat. § 1–1–106 does not authorize the set-off claimed by appellant since the premise in the statute is not present under the circumstances of this case, i.e., appellant could not have had an offset *against FDIC* in an action against him by FDIC, as receiver, on the $4,429.74 note given by him to the American Bank of Casper based on his payment, or attempted payment, of $3,000 on another note given by him to the Western National Bank, also in receivership to FDIC, especially in view of the payment restriction placed on the note by appellant.

### ATTORNEY'S FEES

Attorney's fees are recoverable only when there is specific statutory or contractual authorization therefor. *UNC Teton Exploration Drilling, Inc. v. Peyton,* 774 P.2d 584, 594 (Wyo.1989); *Rocky Mountain Helicopters, Inc. v. Air Freight, Inc.,* 773 P.2d 911, 924 (Wyo.1989). In this case, the note (contract) specifically authorized recovery of "all costs of collection, including but not limited to reasonable attorney's fees thereto paid or incurred by the Lender on account of such collection."

Appellant contends "the question of attorney's fees should be determined by a jury," citing *Greenough v. Prairie Dog Ranch, Inc.,* 531 P.2d 499 (Wyo.1975) in support thereof. In *Greenough,* we recognized the determination of attorney's fees to be a factual question to be decided upon the evidence and facts of each individual case, but we held the determination to be one for the court. The case was remanded to the district court with instructions to make the determination. The allowance of attorney's fees and the amount thereof is within the discretion of the trial court. *UNC Teton Exploration Drilling, Inc.,*

774 P.2d 584; *Lebsack v. Town of Torrington,* 698 P.2d 1141, *reh. denied and case remanded* 703 P.2d 338, *order amended* 707 P.2d 1389 (Wyo.1985); *Combs v. Walters,* 518 P.2d 1254 (Wyo.1974); *Bruegger v. National Old Line Ins. Co.,* 529 F.2d 869 (10th Cir.1976). Appellant is wrong in his contention that the question of attorney's fees should be determined by a jury.

The amount here allowed by the court for attorney's fees is that set forth in appellee's proposed order and summary judgment which was submitted to the trial court pursuant to Rule 404, Uniform Rules for the District Courts of the State of Wyoming. Evidence was not presented relative to the reasonableness of them. Appellee contends appellant did not properly object to the provision for attorney's fees in the proposed order and summary judgment, and that he is, therefore, precluded from raising the issue on appeal. In support thereof, appellee quotes as follows from *Dennis v. Dennis,* 675 P.2d 265, 266 (Wyo. 1984) (citations omitted and emphasis added):

> "[W]e will not ordinarily consider contentions of error unless the trial court has first been apprised thereof and given an opportunity to rule on the alleged error. The trial court is usually apprised of the error by means of objection *together with reasons in support of the objection.*"

A purpose in Rule 404 of requiring a proposed order is to give the non-prevailing party an opportunity to object to alleged errors in the order, and to give the trial court an opportunity to make any necessary correction. In his objection to the proposed order and summary judgment, appellant recited: "Objection is further made on the basis that the matters going to Judgment should have been tried before a jury, including attorney's fees."

The objection is to a refusal to submit the question of attorney's fees to a jury, it is not to the failure to submit evidence of the reasonableness of the fees. Appellant failed to preserve any error concerning the reasonableness of the attorney's fees for consideration of this court. If the objection had been made to the failure to submit evidence concerning the reasonableness of

the fees, our affirmance in this case would have excepted the issue of attorney's fees, and we would have remanded the case for a hearing as to their reasonableness. We make this comment to emphasize our preference for proper supporting evidence of the reasonableness of attorney's fees, rather than an agreement between the parties thereto. The failure to object in this instance amounts to such agreement, and the area is one in which there should be no suggestion of agreement between attorneys concerning fees. The relationship of the parties and attorneys in this case negates such suggestion, but the bar is cautioned in this respect.

## INTEREST

■ Wyo.Stat. § 1–16–102(b) as amended effective June 9, 1988, provides:

"If the decree or judgment is founded on a contract and all parties to the contract agreed to interest at a certain rate, the rate of interest on the decree or judgment shall correspond to the terms of the contract."

The note sued upon provided for interest at the rate of 21 percent per annum after its maturity date of July 12, 1986. Pursuant to Wyo.Stat. § 1–16–102(b) as amended, the court awarded interest on the judgment at the rate of 21 percent per annum. Prior to the amendment, the statute set such interest rate at 10 percent per annum.

Appellant argues that inasmuch as the note was executed in January 1986, the rate of interest after judgment should be 10 percent pursuant to the statute then in force. He contends that application of the statute as amended is an improper retroactive application of the amended statute.

The interest is on the judgment, not on the note. It was the judgment that triggered the application of the amended statute. It is not being applied retroactively to the note. " 'A statute is not necessarily retroactive because it draws upon antecedent facts for its operation.' " *Independent Producers Marketing Corp. v. Cobb*, 721 P.2d 1106, 1109 (Wyo.1986) (quoting *Belco Petroleum Corp. v. State Board of Equalization*, 587 P.2d 204 (Wyo.1978)). Interest on the judgment was properly awarded at the rate of 21 percent per annum.

Affirmed.

THOMAS, J., filed a specially concurring opinion in which URBIGKIT, C.J., and GOLDEN, J., joined.

THOMAS, Justice, concurring specially, with whom URBIGKIT, Chief Justice, and GOLDEN, Justice, join.

■ I concur without reservation in the opinion of the court as to all issues other than the question of the attorney fee. I had a concern about the sufficiency of the record to establish the attorney fee that the court awarded in this case under our prior cases. *See, e.g., UNC Teton Exploration Drilling, Inc. v. Peyton*, 774 P.2d 584 (Wyo.1989); *Albrecht v. Zwaanshoek Holding En Financiering, B.V.*, 762 P.2d 1174 (Wyo.1988); *Miles v. CEC Homes, Inc.*, 753 P.2d 1021 (Wyo.1988); and *Downing v. Stiles*, 635 P.2d 808 (Wyo.1981). That concern has been resolved by subsequent pleadings, filed in this case, that establish that the attorney fee that was awarded has been paid to the appellee by the appellant. Under the circumstances, I am satisfied that there has been an admission of the correctness and propriety of the amount awarded as an attorney fee by the trial court.