942 P.2d 392 (1997)
B-F DRILLING, INC., Appellant (Petitioner),
v.
STATE of Wyoming, ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellee (Respondent).
No. 96-134.
Supreme Court of Wyoming.
July 17, 1997.
*394 Stephenson D. Emery of Williams, Porter, Day & Neville, P.C., Casper, for Appellant.
William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Jennifer A. Evans, Assistant Attorney General, Cheyenne, for Appellee.
Before TAYLOR, C.J., and THOMAS, MACY, and LEHMAN, JJ., and PRICE, District Judge.
TAYLOR, Chief Justice.
B-F Drilling, Inc. appeals the denial of worker's compensation benefits for its employee, Scott House, who was injured while working in Louisiana ten days after his hire. After a contested case hearing, the hearing examiner issued an order denying benefits, finding that the employee was permanently assigned outside of Wyoming. The hearing examiner also found that the Wyoming Workers' Safety and Compensation Division was not estopped by acceptance of premium payments for the employee after it denied coverage.
We affirm.

I. ISSUES
We decline to reiterate the issues as presented by B-F Drilling due to their unnecessary length and argumentative nature. The Wyoming Workers' Safety and Compensation Division (Division) presents the same issues in a more succinct version:
A. Whether the hearing examiner's determination that Claimant was permanently assigned outside the state of Wyoming when injured is supported by substantial evidence.
B. Whether the hearing examiner erred in not assigning to the Wyoming Workers' Safety and Compensation Division the burden of proving Claimant is not entitled to benefits in the state where he was injured.
C. Whether the hearing examiner erred in concluding that the Wyoming Workers' Safety and Compensation Division is not estopped from denying extraterritorial coverage in this case.
D. Whether Wyo. Stat. § 27-14-204(b) provides an alternate basis for awarding Claimant workers' compensation benefits.

II. FACTS
B-F Drilling is a seismograph exploration company which performs most of its work at drilling sites, with its base of operations in the Bergeron family home in Casper, Wyoming. Scott House (House)[1] was severely injured on October 23, 1994 while working for B-F Drilling on a job located in Minden, Louisiana. Only ten days earlier, Charlene Bergeron (Bergeron), the corporate secretary, had hired House via a telephone call with House at his home in Dewey, Oklahoma. He was immediately assigned to work in Minden, Louisiana. Bergeron and House testified that at the time he was hired, they agreed he would move to Wyoming after he completed the job in Louisiana. After his injury, however, House returned to Oklahoma where he remained.
House filled out a Report of Occupational Injury or Disease on October 27, 1994. The report of injury designated House as an Oklahoma resident and indicated the injury occurred in Minden, Louisiana. On November 7, 1994, the Division issued a final determination denying House's claim for benefits, *395 stating "[t]he employee is not a Wyoming resident and is not permanently assigned to Wyoming pursuant to Wyoming Statute XX-XX-XXX(a)." Four days later, on November 11, 1994, B-F Drilling submitted its monthly premium payment to the Division with a payroll report listing House as one of its covered employees for the month of October 1994. The Division accepted the payment. B-F Drilling then objected to the final determination on November 16, 1994.
A contested case hearing was held on September 19, 1995. The Division presented no witnesses at the hearing, but cross-examined House and Bergeron. Cross-examination of Bergeron revealed that B-F Drilling had not had a job in Wyoming since 1991. The last contract received by B-F Drilling was the job in Minden, Louisiana which was completed in March 1995. Since that time, B-F Drilling's only permanent employees were Don and Doug Bergeron.
During House's cross-examination, he testified that his permanent address prior to his injury was in Dewey, Oklahoma, and that it had been his home for his entire life. House stated his children lived in Dewey, and his cars have always been registered in Oklahoma. At the time he was hired, House knew B-F Drilling had no work in Wyoming, and he anticipated he would be working in the southern part of the United States. At no time did he investigate housing in Wyoming or take any other steps to prepare for relocation.
The hearing examiner issued an Order Denying Benefits on October 20, 1995, concluding that the Division had shown by a preponderance of the evidence that House was permanently assigned outside Wyoming. B-F Drilling filed a petition for review with the district court, and the district court affirmed the hearing examiner's Order Denying Benefits. B-F Drilling then filed its notice of appeal to this court.

III. STANDARD OF REVIEW
When reviewing an agency action, we accord no special deference to the district court's decision, instead reviewing the action as if it proceeded directly to us from the agency. Wyoming Steel & Fab, Inc. v. Robles, 882 P.2d 873, 875 (Wyo.1994). Our review of the factual determinations of an agency is conducted under the substantial evidence standard. Id. at 876. Substantial evidence is relevant evidence which a reasonable mind might accept in support of an agency's conclusion so long as it is more than a mere scintilla of evidence. Cronk v. City of Cody, 897 P.2d 476, 478 (Wyo.1995). If evidence in the record provides a rational basis for the findings of fact made by the agency, we will affirm those findings. Aanenson v. State ex rel. Wyoming Workers' Compensation Div., 842 P.2d 1077, 1079 (Wyo.1992) (quoting State ex rel. Wyoming Workers' Compensation Div. v. White, 837 P.2d 1095, 1098 (Wyo.1992)). Our standard of review differs, however, when reviewing a conclusion of law. We do not defer to the agency's decision, but correct the agency's conclusion if it is not in accordance with the law. Aanenson, 842 P.2d at 1079 (quoting Employment Sec. Com'n of Wyoming v. Western Gas Processors, Ltd., 786 P.2d 866, 871 (Wyo. 1990)).

IV. DISCUSSION
To dispose of all claims in this appeal, only two issues must be addressed: (1) whether the hearing examiner erred in concluding that the Division demonstrated by a preponderance of the evidence that House "was permanently assigned outside of Wyoming," thus precluding entitlement to Wyoming worker's compensation benefits pursuant to Wyo. Stat. § 27-14-204(a) (Cum.Supp.1995); and (2) whether the Division was estopped from denying benefits by accepting B-F Drilling's premiums in November 1994 and January 1995 which included House as an employee.[2]

A. PERMANENT ASSIGNMENT OUTSIDE OF WYOMING
The parties agree that the Division carries the burden of proof to show House's *396 assignment was permanently outside of Wyoming. B-F Drilling contends that in order to meet its burden, the Division was legally required to present "positive" evidence and "could not rely on cross-examination" to make its case. We disagree. We see no reason to require the Division to call the same witnesses to repeat testimony covered in cross-examination. If the record demonstrates that the hearing examiner's conclusion is supported by substantial evidence, it makes no difference whether the support is found in direct or cross-examination.
B-F Drilling also asserts the hearing examiner twice failed to apply the correct rule of law to the facts. First, B-F Drilling argues the hearing examiner erred when he "ignored" the presumptions found in the Division's Rules, Regulations and Fee Schedules, ch. 6, § 4(c)(i) and (ii). Chapter 6, § 4(c) of the Rules, Regulations and Fee Schedules provides, in relevant part:
[A] worker will be presumed to have been permanently assigned or transferred outside of Wyoming if any of the following apply:
(i) The worker has been assigned to a work site outside of Wyoming continuously for a period of at least six (6) months prior to the date of the injury; or
(ii) The worker has been assigned and has worked at a work site outside of the State of Wyoming for more than two-thirds of the workdays in the year before the injury; however, this subparagraph (ii) shall not apply to workers hired in Wyoming for work that is contemplated at the time of hire to be transitory without a fixed employment site in another state.
B-F Drilling argues that since House's work was transitory, the Division's failure to prove that House was assigned to work in Louisiana for a period of six months gives rise to a legal presumption that House was not assigned outside of the state. This argument confuses the meaning of a legal presumption. A legal presumption is "a rule of law, statutory or judicial, by which finding of basic fact gives rise to existence of presumed fact, until presumption is rebutted." Black's Law Dictionary 1185 (6th ed. 1990). Although a demonstration of the "basic facts" enumerated in the rules would establish a legal presumption, the failure to establish these facts does not give rise to a reverse presumption. Neither do the rules preclude the presentation of an alternative basis for a factual finding that an employee was permanently assigned outside of Wyoming. Therefore, if the Division presented sufficient evidence to substantiate the hearing examiner's conclusion, the Division's failure to prove the facts identified in the rules did not legally require a finding in favor of B-F Drilling.
B-F Drilling also alleges that the hearing examiner failed to apply the rule that "[t]he domicil of an itinerant worker `depends on the intent of the party, . . .' 25 Am.Jur.2d Domicil, § 46 (1966)." We find this contention contrary to the record. The hearing examiner specifically noted the testimony of House and Bergeron regarding the intent to move House to Wyoming, but found that "it is simply not believed." The hearing examiner continued, "[t]he surrounding facts and evidence do not support this contention, and it is found to be more likely than not the Claimant was intended to be permanently assigned outside of Wyoming." Finding no legal error, we review the hearing examiner's decision under a sufficiency of the evidence standard.
The following evidence was considered persuasive by the hearing examiner. Bergeron testified that B-F Drilling had no work in Wyoming since 1991. House was assigned to work in Louisiana, and it was expected that House would work in Texas, Oklahoma and Louisiana. There was no evidence that he would perform any work in Wyoming. Although Bergeron testified that B-F Drilling wanted to have a "permanent employee" in Wyoming, the company did not hire a replacement for House after his injury. Moreover, House testified he had lived in Oklahoma all of his life, and his driver's license and car registration continued to list Oklahoma as his permanent address. At the time he was hired, he understood he would work in Texas, Louisiana and Oklahoma, and at no time took any action consistent with an intent to move to Wyoming.
*397 The hearing examiner is in the best position to judge the credibility of the witnesses. Matter of Corman, 909 P.2d 966, 971 (Wyo.1996); Latimer v. Rissler & McMurry Co., 902 P.2d 706, 711 (Wyo.1995); Hepp v. State ex rel. Wyoming Workers' Compensation Div., 881 P.2d 1076, 1079 (Wyo.1994). In this case, the hearing examiner specifically questioned the credibility of House and Bergeron regarding the intent to relocate, finding the surrounding facts did not comport with their testimony. When more than one inference may be drawn from the evidence, we will not reweigh the evidence and substitute our judgment for that of the hearing examiner. Robles, 882 P.2d at 876, 880. Therefore, we find that the hearing examiner's determination is sufficiently supported by the record.
Our holding on this matter is dispositive of House's entitlement to Wyoming worker's compensation benefits, and we therefore need not consider the issues surrounding House's entitlement to benefits in Louisiana.[3]

B. EQUITABLE ESTOPPEL
B-F Drilling also contends the Division was estopped from denying benefits because it accepted worker's compensation premiums tendered by B-F Drilling which included House as an employee. In support of this argument, B-F Drilling relies on Wessel v. Mapco, Inc., 752 P.2d 1363, 1373 (Wyo.1988), where we held that an employee working in Colorado was covered under the Wyoming Workers' Compensation Act. We supported this decision by noting that the employer was estopped from denying coverage because "an estoppel is created when this employer paid and the state fund accepted the premiums for the employment as intended to include as covered duties the job duties in an adjacent state." Id. (emphasis added).
"`Estoppel arises only when a party, by acts, conduct, or acquiescence causes another to change his position. * * *'" Garlach v. Tuttle, 705 P.2d 828, 829-30 (Wyo.1985) (quoting Roth v. First Sec. Bank of Rock Springs, Wyo., 684 P.2d 93, 96 (Wyo.1984)). It "precludes a party who knows the truth from denying the assertion of any material fact with which he induced another to change his position where such other person is ignorant of the facts, had a right to rely upon the assertions, and suffers an injury." Roth, 684 P.2d at 96. "Equitable estoppel is not applicable unless the person relied and had a right to rely on the representation or conduct," which "must induce and be the immediate or proximate cause of the act which is complained of." Id. The facts and circumstances of each individual case govern the application of equitable estoppel. Lewis v. State Bd. of Control, 699 P.2d 822, 827 (Wyo.1985).
The hearing examiner's factual determination that "the Division did not accept premiums `as intended to include as covered duties the job duties in an adjacent state'" is well-supported in the record. Unlike the facts in Wessel, 752 P.2d 1363, B-F Drilling had not paid premiums for House over an extended period of time prior to the denial of benefits. Instead, B-F Drilling sent in the first premium for House four days after the Division issued a letter denying benefits for his injury. Therefore, the Division made no representation that House was entitled to benefits prior to the time that B-F Drilling changed its position. We are not persuaded by B-F Drilling's argument that it sent the payment in reliance on correspondence with the Division in 1992 and 1993 regarding extraterritorial coverage for employees in Texas. The Division had made its position clear with regard to this injury and this employee before B-F Drilling self-reported and paid its premiums. Any previous statements by the Division regarding different employees in a different state cannot reasonably refute a specific notification denying benefits.

V. CONCLUSION
The hearing examiner's conclusion that House was permanently assigned outside of Wyoming is in accord with the law and supported *398 by the evidence. B-F Drilling failed to offer sufficient factual circumstances to support its claim of equitable estoppel. Therefore, we affirm.
NOTES
[1] House is not a party in this appeal.
[2] B-F Drilling did not include House in the premium payment in December 1994 because "[House] was not working in November." Indeed, after his injury, House did not return to work for B-F Drilling. However, in December 1994, House received a payment in the nature of a "Christmas bonus;" hence, his inclusion in the premium payment submitted in January 1995.
[3] B-F Drilling's alternative claim under Wyo. Stat. § 27-14-204(b) would bear consideration only if House was not permanently assigned outside of Wyoming. The provision requires the claimant be "otherwise entitled * * * to the benefits of this act * * *."