**Robert K. BON, Appellant**
**(Plaintiff below),**

v.

**Carol LEMP, now Carol Lemp Matuseski,**
**Appellee (Defendant below).**

**No. 3664.**

Supreme Court of Wyoming.

Aug. 14, 1968.

Charles E. Graves, of Roncalio, Graves & Smyth, Cheyenne, for appellant.

Richard F. Pickett, of Loomis, Lazear, Wilson & Pickett, Cheyenne, for appellee.

Before HARNSBERGER, C. J., and GRAY, McINTYRE, and PARKER, JJ.

Mr. Justice GRAY delivered the opinion of the court.

On March 27, 1963, plaintiff, Robert K. Bon, brought an action against the defendant, Carol Lemp, to recover damages incurred as the result of an automobile accident occurring on a street in Cheyenne,

Laramie County, Wyoming, on March 10, 1962. Summons was issued and returned unserved with the notation that defendant was "Not found in Laramie County. 3/29/63." In June 1963 an amended complaint was filed naming defendant's father as an additional party defendant and summons was again issued directed to both defendants. The return dated June 12, 1963, shows service on the father and then states, "Carol Lemp Not found in Laramie Co.," On March 4, 1966, a summary judgment was entered dismissing plaintiff's claim against the father. Following this an alias summons was issued, directed to the defendant, and personal service was made on June 2, 1967. Defendant answered, denying liability, and by way of an affirmative defense alleged that plaintiff's claim did not accrue within four years next before the commencement of the action and was thus barred by the statute of limitations. At the same time the defendant, pursuant to Rule 12(c), W.R.C.P., filed a motion for judgment on the pleadings.

In resistance to the motion, plaintiff, on the day the motion came on for hearing, tendered the affidavit of John Pattno, one of plaintiff's attorneys of record, in which it was stated:

"* * * That at the time of the filing of said action efforts were made by contacting police and investigating myself to determine the location of the Defendant and it appeared from all evidence available that the said Defendant was not to be located for service of process."

This was then followed with the statement that in his "opinion" adequate efforts had been made to determine that defendant was not available for service "within the jurisdiction" of the court for a period of three years following the filing of the complaint and consequently the statute "should not commence running until such time as her presence was again determined to be within the jurisdiction of the Court." Upon hearing, the trial court, in the exercise of its discretion as authorized under Rule 12(c), supra, did not exclude the affidavit from its

consideration and proceeded to treat and dispose of defendant's motion as one for summary judgment in accordance with Rule 56, W.R.C.P. The court concluded that the action was not commenced within the period fixed by the statute of limitations and entered judgment dismissing the action. Plaintiff appeals, contending there was a genuine issue as to a material fact underlying application of the statute and thus the trial court erred in granting such judgment.

Section 1–18, W.S.1957, provides in part that "an action for an injury to the rights of the plaintiff, not arising on contract, and not hereinafter enumerated"—which is the situation here—must be brought within four years after the claim accrues. Section 1–24, W.S.1957, in its pertinent part, provides:

"* * * and if, after the cause of action accrues he [the defendant] depart from the state or abscond or conceal himself, the time of his absence or concealment shall not be computed as a part of the period within which the action must be brought."

Rule 3(b), W.R.C.P., provides in part:
"For purposes of statutes of limitation, an action shall be deemed commenced on the date of filing the complaint as to each defendant, if service is made on him or on a co-defendant who is a joint contractor or otherwise united in interest with him, within sixty days after the filing of the complaint. If such service is not made within sixty days the action shall be deemed commenced on the date when service is made. * * *"

In support of plaintiff's contention it is argued that because defendant failed to respond to the Pattno affidavit "tending to show" that plaintiff's action fell within the exception of the statute set forth above, the contents of the affidavit must be taken as true and hence there was an issue of fact to be tried by a jury. Assuming for the moment that the affidavit bears the stress which plaintiff puts on it, the argument would have validity in the ordinary case. Vipont Mining Co. v. Uranium Research

and Development Co., Wyo., 376 P.2d 868; In re Wilson's Estate, Wyo., 399 P.2d 1008. This, however, is not an ordinary case. Its procedural aspects create problems which plaintiff apparently overlooks.

■ In plaintiff's amended complaint it was alleged that the accident occurred on March 10, 1962, which under Rule 9(f), W.R.C.P., was a material averment. Defendant by her motion concedes the fact. It is also true that for purposes of the motion, for judgment on the pleadings, the defendant could not profit from the averments of her answer asserting the bar of the statute of limitations for the reason that such averments are deemed denied. Rule 9(d), W.R.C.P. Notwithstanding, it is the rule that if the undisputed facts appearing in the pleadings (in this instance the complaint), supplemented by any facts of which the trial court will take judicial notice, establish that no relief can be granted, the movant is entitled to judgment. Blythe Motor Lines Corporation v. Blalock, 5 Cir., 310 F.2d 77, 78–79. At the time defendant's motion was filed it was apparent from undisputed facts that more than five years had elapsed from the time plaintiff's claim accrued to the date summons was served on her and the action commenced. As matters then stood defendant was entitled to judgment.

From that time on it was plaintiff's burden to extricate himself, if he could, Ingersoll v. Davis, 14 Wyo. 120, 82 P. 867, 869, from the position in which he was placed as the result of defendant's motion. If, as plaintiff now suggests, there were grounds to believe that the running of the statute had been tolled, he would have been well advised to have sought leave to amend his complaint in that respect. Kincheloe v. Farmer, 7 Cir., 214 F.2d 604, 605, certiorari denied 348 U.S. 920, 75 S.Ct. 306, 99 L.Ed. 721. This was not done and plaintiff attempted to accomplish that end by the Pattno affidavit. Assuming, without deciding, that this might be done, plaintiff by invoking summary judgment procedure could not, as pointed out above, shift his burden and it was incumbent on plaintiff to show there was a genuine issue of fact for trial. This he failed to do.

■ With the exception of the statement that an investigation was made at the time the action (apparently the amended complaint) was filed, the affidavit consists of vague and conclusionary allegations of the whereabouts of the defendant at other times during the critical period. Such allegations are not "sufficient to forestall the award of summary judgment." Dressler v. MV Sandpiper, 2 Cir., 331 F.2d 130, 133. See also Wilson Jones Company v. Gilbert & Bennett Manufacturing Company, 2 Cir., 332 F.2d 216, 219. The same may be said of counsel's opinion that the defendant was not available for service during a three-year period. The fact that the affidavit was made by counsel of record is also deserving of some comment. There may be occasions, of course, when presentation of specific facts necessarily must be made by counsel. Nevertheless, care should be taken to confine the practice to the necessities of the circumstances, and without in any way insinuating that the use of counsel's affidavit was motivated by any impropriety, it is our view that in this matter there were other sources and means of presenting the specific facts to the trial court which should have been pursued. Inglett & Company v. Everglades Fertilizer Company, Inc., 5 Cir., 255 F.2d 342, 349–350.

For example, no effort was made by plaintiff to ascertain the facts by way of discovery from the father, who was a party to the proceeding for a period of more than two and one-half years, and from the defendant prior to hearing. Neither did plaintiff as late as the day of hearing seek to avail himself of the liberal provisions of Rule 56(f), W.R.C.P., whereby the trial court upon a proper showing is authorized to delay its decision in order to afford opportunity for discovery of facts peculiarly within the knowledge of the adverse party. We were critical of a similar situation in Western Standard Uranium Company v. Thurston, Wyo., 355 P.2d 377, 384. See also Robin Const. Company v. United States, 3 Cir., 345 F.2d 610, 613.

When confronted with procedural questions involving a plea of the statute of limitations the trial courts must carefully weigh the policy of liberality inherent in our rules of procedure, Wagner v. New York, Ontario and Western Railway, D.C.Pa., 146 F.Supp. 926, 933, and the "sound public policy," Board of County Com'rs of Big Horn County v. Bench Canal Drainage Dist., 56 Wyo. 260, 108 P.2d 590, 593, that anchors those statutes. As tersely stated many years ago, "They [the statutes] stimulate to activity and punish negligence." Wood v. Carpenter, 101 U.S. 135, 139, 25 L.Ed. 807 (1879). Considering all of the circumstances presented in the instant case, we cannot say the trial court erred in rendering judgment dismissing plaintiff's action.

Judgment affirmed.