**Patricia G. DURAN,
Appellant (Plaintiff),**

v.

**BOARD OF COUNTY COMMISSIONERS OF SWEETWATER COUNTY, a governmental entity; and Robert W. Van Valkenberg, individually, Appellees (Defendants).**

No. 89–174.

Supreme Court of Wyoming.

Feb. 27, 1990.

Michael D. Newman (argued), Rock Springs, and Gary K. Wood, Aurora, Colo., for appellant.

John D. Rossetti (argued), of Greenhalgh, Bussart, West & Rossetti, Rock Springs, for appellees.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

CARDINE, Chief Justice.

The central issue to be decided in this appeal is whether the claim of appellant, Patricia G. Duran (Duran), against appellees, Board of County Commissioners of Sweetwater County (County) and Robert W. Van Valkenberg (Van Valkenberg), is barred because it was not filed within two years of the alleged act giving rise to the claim. A secondary issue is whether the acts of the County's insurer in negotiating with Duran about the claim should estop the County from defending on the basis of the claims statute. Several other issues are raised by Duran. Because we hold, however, that the failure to timely file the claim is dispositive of this action, we affirm and find it unnecessary to address these other issues.

On November 16, 1988, Duran filed a complaint in the district court alleging that on May 13, 1986, Van Valkenberg, an employee of the County, while operating a road grader to improve the surface of Patrick Draw Road in Sweetwater County, was negligent in striking a school bus being driven by Duran. Ms. Duran suffered physical injuries in the accident and sought to recover damages for those injuries from the County. She claimed that Van Valkenberg was negligent in his operation of the grader; that the County was negligent in failing to appropriately warn motorists of the maintenance activities being conducted on the roadway and failing to train and supervise its employees to conduct maintenance activities in a safe and lawful manner; and that Van Valkenberg was working within the course and scope of his employment and, therefore, his negligence should be imputed to his employer, the County.

On December 6, 1988, the County filed a motion to dismiss asserting that Duran's complaint had not been filed within two years of the date of the alleged act as required by W.S. 1–39–113(a) (June 1988 Repl.); that pursuant to W.S. 1–39–120 (June 1988 Repl.) the County was immune from suit for claims of damages arising out of the maintenance of a roadway; and that the claim could not be made under W.S. 1–39–105 (June 1988 Repl.) for damages caused by a public employee operating a motor vehicle because the road grader was not a "motor vehicle" or "vehicle" as defined by W.S. 31–1–101(a)(xv) and (xxvi) (Cum.Supp. 1986). In April of 1989, Duran filed a brief in opposition to the County's motion to dismiss. Attached to the brief were numerous documents including an affidavit from one of her attorneys identifying a witness to the accident who was an employee of the County; Duran's medical records; numerous pieces of correspondence with GAB, the insurer for the County; a notice of claim addressed to the County and dated September 19, 1988; a resolution of the County denying the claim as barred by the statute of limitations under the Governmental Claims Act; and a letter dated September 21, 1988, from the state auditor acknowledging receipt of a claim filed with the State of Wyoming.

The district court entered an order on June 16, 1989, which stated only that, "Defendants' Motion to Dismiss is hereby granted." The district court did not issue a decision letter or further enlighten the parties or this court as to the basis for the order dismissing the complaint.

Appellant's brief contains this statement of the issues:

"I.    When matters outside the pleadings are presented to and not excluded by the trial court, must a motion to dismiss under Rule 12(b)(6), W.R.C.P., be treated as a motion for summary judgment?

"II.    Whether the Appellant substantially complied with W.S. 1–39–113(a) in filing her notice of claim later than two (2) years after the accident when Appellees had actual and constructive notice of the accident within the two year period following the accident.

"III.    Whether the Appellees are immune from liability under W.S. 1–39–120(a)(iii).

"IV.    Whether the Appellees are subject to liability under W.S. 1–39–105.

"V.    Whether W.S. 1–39–113[120] [1] is unconstitutional in that it violates the equal protection and due process clauses of the Constitution of the United States and the Constitution of the State of Wyoming.

"VI.    Whether Appellees are estopped or have waived their rights to challenge Appellant's failure to file a notice of claim within the two-year notice period pursuant to the Wyoming Governmental Claims Act."

The County, in turn, proposes this statement of the issues:

I.    "Must appellees' motion to dismiss in the lower court be treated as a motion for summary judgment?"

II.    "Must appellant strictly comply with § 1–39–113 W.S. in order to confer jurisdiction on the district court?"

III.    "Under the circumstances of this case, are appellees immune from liability under § 1–39–120 W.S.?"

IV.    "Under the circumstances of this case, are appellees subject to liability under § 1–39–105 W.S.?"

V.    "Is § 1–39–113 [§ 1–39–120] W.S. unconstitutional in that it violates the Equal Protection and Due Process Clauses of the Constitution of the United States and the State of Wyoming?"

VI.    "Are appellees estopped through the acts of GAB to assert appellant's failure to timely file a notice of claim pursuant to § 1–39–113 W.S.?"

Wyoming precedent is unequivocal in holding that failure to file a claim with the governmental entity within the two-year period provided in W.S. 1–39–113(a) (June 1988 Repl.) is an absolute bar to suit. *Davis v. City of Casper*, 710 P.2d 827, 829

---

**1.** Duran identifies the statute challenged as W.S. 1–39–113 in her statement of the issues and in the caption of her argument. It is clear from the text of the argument, however, that her challenge is to W.S. 1–39–120 and not W.S. 1–39–113.

(Wyo.1985); *Lafferty v. Nickel*, 663 P.2d 168, 172 (Wyo.1983); see *Board of Trustees of Univ. of Wyoming v. Bell*, 662 P.2d 410, 413–14 (Wyo.1983). Duran asks us to reverse these longstanding precedents, or at least to modify them, in light of authorities which appear to hold that as long as the governmental entity has received some sort of notice of the claim, that is sufficient to fulfill the statutory itemized written presentation requirement established in W.S. 1–39–113(a). These authorities do not support the proposition put forward by Duran and will be discussed infra.

Courts have generally adhered to the well-established rule that there must be compliance with a notice-of-claim statute and that actual notice to the governmental entity is not a substitute for filing a claim. Annotation, *Actual Notice or Knowledge by Governmental Body or Officer of Injury or Incident Resulting in Injury as Constituting Required Claim or Notice of Claim for Injury—Modern Status*, 7 A.L.R.4th 1063, 1065 (1981). In reaching these decisions, the courts have relied on two basic principles: (1) In the absence of a notice of claim, the governmental entity does not have reason to conduct an investigation or attempt to reach settlement with an injured party; and (2) the notice-of-claim requirement embodies a legislative policy that the right to sue a governmental entity requires compliance with the statutory conditions. *Id.*, p. 1066.

> Wyoming's statute is clear in this regard: "(a) No action shall be brought under this act against a governmental entity unless *the claim* upon which the action is based *is presented to the entity as an itemized statement in writing* within two (2) years of the date of the alleged act, error or omission, except that a cause of action may be instituted not more than two (2) years after discovery of the alleged act, error or omission, if the claimant can establish that the alleged act, error or omission was:
> "(i) Not reasonably discoverable within a two (2) year period; or
> "(ii) The claimant failed to discover the alleged act, error or omission within the

two (2) year period despite the exercise of due diligence." (emphasis added) W.S. 1–39–113 (June, 1988 Repl.).

Duran cites numerous cases which simply do not support her position. For instance, in *Lee v. South Broward Hosp. Dist.*, 473 So.2d 1322, 1323–24 (Fla.App. 1985), the court recognized that established law in Florida made compliance with Florida's notice-of-claim statute a condition precedent to maintaining a suit (*Commercial Carrier Corp. v. Indian River County*, 371 So.2d 1010 (Fla.1979)). However, in *Lee* the intermediate appellate court did reverse a summary judgment which dismissed a complaint *with prejudice* where the claim was filed within Florida's three-year claim period, though suit had been instituted prior to the filing of the claim. In *Diemert v. City of Mobile*, 474 So.2d 663, 665–66 (Ala.1985), the Supreme Court of Alabama, while more liberally interpreting the state's notice-of-claim statute, nevertheless recognized the necessity of satisfying Alabama's six-month filing requirement by holding that actual filing of suit within six months of the date of injury was sufficient. In *Besette v. Enderlin School Dist. No. 22*, 288 N.W.2d 67, 70–71, 7 A.L.R.4th 1047 (N.D.1980) the North Dakota Supreme Court recognized the *overwhelming majority view* that actual notice is not a substitute for filing a claim and adopted that position. The North Dakota court noted that only two jurisdictions have held to the contrary. One of these is New York, and that exception is easily explained by that state's statute which permits a court to extend the time for filing a claim in circumstances where the public body "acquired actual knowledge of the essential facts constituting the claim * * *." *Matey v. Bethlehem Central School Dist., Delmar*, 89 Misc.2d 390, 391 N.Y.S.2d 357, 359 (1977) (citing Gen.Mun. Law § 50–e, subd. 5). New York does enforce its requirement that suit must be filed within one year of the events giving rise to the claim. *Id.* In this case, Duran relies on several New York precedents which, as noted, are distinguishable. Minnesota, in *Kelly v. City of Rochester*, 304 Minn. 328, 231 N.W.2d 275 (1975) (a case heavily relied upon by Duran)

adopted a rule at odds with the position taken by Wyoming and a majority of other jurisdictions. However, we agree with the North Dakota Supreme Court and decline to adopt this minority position.

We will also take note of other jurisdictions whose cases have been cited by Duran. In a decision, the exact limits of which are not entirely clear, the Supreme Court of Michigan held that a statute, which deprived a physically and mentally incapacitated minor who did not nominate a guardian or file a claim within a sixty-day filing period, deprived the minor of due process of law. *Grubaugh v. City of St. Johns*, 384 Mich. 165, 180 N.W.2d 778 (1970). The reasoning of that case is not relevant to our statute which clearly provides exceptions that cover such contingencies as disabilities or other circumstances which prevent a claimant from filing a timely claim. W.S. 1–39–113(a)(i), (ii) and 1–39–114 (June 1988 Repl.).

The Tennessee cases relied upon by Duran are not applicable because Tennessee has a statute like that of New York. Tennessee's statute provides that their notice-of-claim statute "shall not be strictly construed where the municipality should have reasonably apprised itself of the occurrence of the incident or could have done so with the exercise of proper diligence." *Johnson v. City of Memphis*, 699 S.W.2d 179, 180 (Tenn.App.1985) (citing T.C.A. § 29–20–302(c)). Likewise, the Texas cases are not in point because Texas law provides that a notice must be filed within six months, except where there is actual notice to the governmental entity that the claimant has received some injury. *Tarrant County Hosp. Dist. v. Ray*, 712 S.W.2d 271, 274 (Tex.App.1986) (citing § 16 of the Texas Tort Claims Act). New Mexico's statute makes failure to file the claim a bar to suit unless the statutorily required notice has been given "or unless the governmental entity had actual notice of the occurrence." *Emery v. University of New Mexico Medical Center*, 96 N.M. 144, 628 P.2d 1140, 1143 (1981) (citing N.M.S.A.1978 § 41–4–16(B)). A Wisconsin statute requires the filing of a claim, providing, however, that failure to give the notice does not bar the action if the governmental entity had actual notice of the damage or injury and the injured party shows to the satisfaction of the court that failure to give notice was not prejudicial to the governmental entity. *Weiss v. City of Milwaukee*, 79 Wis.2d 213, 255 N.W.2d 496, 499 (1977) (citing W.S.A. 895.43(1)).

Finally, Oklahoma has joined Minnesota in holding that actual notice is sufficient although its statute does not contain provision therefor. *Duesterhaus v. City of Edmond*, 634 P.2d 720 (Okla.1981).

In summary, we adhere to our established rule that failure to timely file a claim, as required by W.S. 1–39–113(a) (June 1988 Repl.), is a bar to the filing of a lawsuit against a governmental entity, and the order of the district court is affirmed. If a change in the rule is to be made, it should be made by the legislature and not this court.

We shall briefly respond to Duran's contention that the County should be estopped from defending on the basis of her failure to file a claim because the insurer for the County was actively involved in negotiations during the period when the time to file a claim was running. Duran relies upon the mere pendency of negotiations as the basis for employing the doctrine of estoppel, both in her brief in this court and in her defense to the motion to dismiss in the district court. Such an assertion is not of itself sufficient to establish an estoppel. *Turner v. Turner*, 582 P.2d 600, 603 (Wyo. 1978). While in many cases assertions of estoppel, which would prevent resort to a statute of limitations, involve questions to be resolved by a fact finder, there are certain cases where this determination will be a matter for the courts. *Id.* at 602; *Taylor v. Estate of Taylor*, 719 P.2d 234 (Wyo.1986). In the instant case, the decision was clearly one to be decided by the district court as a matter of law. In opposition to the County's motion to dismiss, appellant only asserted ongoing negotiations as grounds for the application of estoppel. There was no assertion of representation by the insurer relied upon by

appellant. As a matter of law, what is asserted is insufficient to require that the issue be presented to a fact finder.

We note for purposes of clarity that whether this case should be viewed in the light of a motion to dismiss, or in the light of a summary judgment because matters outside the pleadings were presented to and not excluded by the trial court, is of no consequence. Whether the trial court's action is viewed as a summary judgment or as an order to dismiss under W.R.C.P. 12(b)(6), we are nonetheless compelled to affirm the district court's order on the ba-

sis that Duran's suit was barred by the notice-of-claim statute.

It is unnecessary for us to resolve the other issues raised by Duran, in view of our holding that the claim is barred by the notice-of-claim statute.

The order of the district court dismissing the complaint is affirmed.