Gilbert VIGIL; Roseann Vigil; and Michael Vigil, Appellants (Plaintiffs),

v.

Ronald RUETTGERS, individually and as Assistant Warden; and the State of Wyoming, Appellees (Defendants).

No. 94–26.

Supreme Court of Wyoming.

Dec. 20, 1994.

Juan Leo DeHerrera, Rawlins, for appellants.

Kurt Kelly and Thomas A. Thompson of Williams, Kelly & Waldrip, Rawlins, for Ronald Ruettgers.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., and Dennis M. Coll, Sr. Asst. Atty. Gen., Cheyenne, for State.

Before GOLDEN, C.J., THOMAS, MACY and TAYLOR, JJ., and HANSCUM, District Judge.

TAYLOR, Justice.

In this appeal, we are asked to determine whether a training officer, acting within the scope of his employment at the Wyoming State Penitentiary, was immune from suit in February of 1989. Appellants filed a tort action against a training officer and the State of Wyoming. The district court granted the training officer's motion for summary judgment and the State's motion for judgment on the pleadings.

We affirm.

## I. ISSUES

Appellants present the following issues:

1. The Legislature intended to include prison guards within the definition of peace officer.

2. The act as applied to Gilbert Vigil is unconstitutional.

Appellee, Ronald Ruettgers, identifies the following issues:

I. Whether the facts appearing in the pleadings and affidavits demonstrate any genuine issue of material fact which would preclude the granting of summary judgment to the appellee, Ronald Ruettgers, as a matter of law.

II. Whether the district court properly dismissed the claims of appellants Roseann Vigil and Michael Vigil for their failure to file a timely governmental claim.

III. Whether the appellants are entitled to raise a constitutional argument for the first time on appeal.

The State summarizes its arguments as follows:

Argument I

The district court properly dismissed from the action the State of Wyoming, as there was no genuine issue of material fact, and the State of Wyoming was entitled to judgment as a matter of law.

Argument II

Immunity for correctional officers was never waived by the legislature in adoption or modification of the Governmental Claims Act.

Argument III

Plaintiffs' apparent constitutional argument of violation of equal protection

rights was never asserted before the trial court.

## II. FACTS

In this tort action, relief was denied due to sovereign immunity and appellants' failure to comply with the Wyoming Governmental Claims Act. Gilbert Vigil, joined by his wife Roseann Vigil and his son Michael Vigil (Vigils), filed suit against Ronald Ruettgers (Ruettgers) and the State.

There is some confusion in the record as to Ruettgers' job title at the time of the incident in question. The Vigils alleged that Ruettgers was an Assistant Warden/Training Officer for the Wyoming State Penitentiary. The State admitted Ruettgers was an Assistant Warden/Training Officer. Ruettgers denied that he was an Assistant Warden/Training Officer and asserted that he was a Staff Development Officer for the Wyoming State Penitentiary. The district court's opinion letter stated that "[t]he parties agree that at the time of accident in issue, Defendant Ruettgers was employed as an Assistant Warden/Training Officer by the State of Wyoming and he was acting within the scope of his employment." We will refer to Ruettgers as a training officer.

The Vigils alleged that Ruettgers and the State were liable for injuries that Ruettgers inflicted upon Gilbert Vigil on February 14, 1989. Gilbert Vigil claims he was injured when Ruettgers tackled him during a basketball game which was intended as a warmup for training officers participating in a refresher course at the Wyoming State Penitentiary. Ruettgers was acting within the scope of his employment when the incident occurred.

Gilbert Vigil filed two separate claims with the Wyoming State Auditor pursuant to the Wyoming Governmental Claims Act. The first claim was filed in February of 1991 and the second was filed in August of 1992. A risk supervisor for the State reviewed and denied both claims. The risk supervisor indicated by affidavit that neither Roseann Vigil nor Michael Vigil ever filed a claim with the State as required under the Wyoming Governmental Claims Act.

The State filed a motion for judgment on the pleadings on September 15, 1993. Ruettgers filed a motion for summary judgment on September 22, 1993. The district court granted judgment for Ruettgers and the State.

## III. DISCUSSION

This appeal raises the issues of whether a training officer, acting within the scope of his employment at the Wyoming State Penitentiary, enjoyed immunity under the Wyoming Governmental Claims Act in February of 1989; whether failure to comply with Wyo. Stat. § 1–39–113 (1988) bars claims; and whether the Vigils can raise an equal protection argument for the first time on appeal.

STANDARD OF REVIEW

■ A motion for judgment on the pleadings is converted to a motion for summary judgment when matters outside the pleadings are presented. *Bon v. Lemp,* 444 P.2d 333, 334 (Wyo.1968). The State's motion for judgment on the pleadings was converted to a motion for summary judgment when the risk supervisor's affidavit was presented to the district court. *Id.* The grant of the motion for judgment on the pleadings will be treated as a grant of summary judgment in favor of the State. The district court also granted Ruettgers' motion for summary judgment.

■ A summary judgment ruling is affirmed when there are no material issues of fact in dispute and the moving party is entitled to judgment as a matter of law. *Sandstrom v. Sandstrom,* 880 P.2d 103, 105 (Wyo. 1994) (*quoting Foianini v. Brinton,* 855 P.2d 1238, 1240 (Wyo.1993)); W.R.C.P. 56(c). "[T]he party who opposed the motion is given the benefit of any reasonable doubt and inferences drawn from the affidavits, depositions, and exhibits presented as underlying facts and are viewed in the light most favorable to that party." *Wilder v. Cody Country Chamber of Commerce,* 868 P.2d 211, 216 (Wyo.1994). "This court accords no deference to the district court's decisions on issues of law." *Id.*

There are no material issues of fact disputed in this case. Therefore, the focus of our

analysis will be on the rule of law applied by the district court. If the rule of law applied is supported by the record, we will uphold the ruling. *Ulrich v. United Services Auto. Ass'n,* 839 P.2d 942, 945 (Wyo.1992).

IMMUNITY UNDER THE WYOMING GOVERNMENTAL CLAIMS ACT

The dispositive question in this case is whether a training officer, acting within the scope of his employment at the Wyoming State Penitentiary, enjoyed immunity from suit under the Wyoming Governmental Claims Act, Wyo.Stat. §§ 1–39–101 through 1–39–120 (1988 & Cum.Supp.1994), in February of 1989. The Wyoming Governmental Claims Act balances the interests of individuals harmed by negligent state action and the interests of the taxpayers who have to bear the cost of those injuries when sovereign immunity is removed. Wyo.Stat. § 1–39–102(a).

Wyo.Stat. § 1–39–104 provides, in pertinent part:

(a) A governmental entity and its public employees while acting within the scope of duties are granted immunity from liability for any tort except as provided by W.S. 1–39–105 through 1–39–112.

■ Under the Wyoming Governmental Claims Act, immunity is the rule and liability is the exception. *Hurst v. State,* 698 P.2d 1130, 1132 (Wyo.1985). Immunity is abrogated only if the Wyoming Governmental Claims Act contains express provisions waiving immunity. *Id.*

■ We have repeatedly held that Wyo. Const. art. 1, § 8 requires explicit legislative authorization before a suit can be maintained against the state. *Worthington v. State,* 598 P.2d 796, 801 (Wyo.1979); *Hjorth Royalty Co. v. Trustees of University of Wyoming,* 30 Wyo. 309, 313, 222 P. 9, 9 (1924). As detailed below, immunity for training officers at the Wyoming State Penitentiary was not waived in 1989; therefore, the Vigils' claims are barred.

The Vigils argue that Ruettgers' immunity was removed by Wyo.Stat. § 1–39–112 which provides that peace officers are liable for tortious conduct that occurs while they are acting within the scope of their duties. Wyo.

Stat. § 1–39–103 defines peace officer by reference to Wyo.Stat. § 7–2–101 (1987). The Vigils argue that the legislature intended to include Ruettgers, and other training officers at the Wyoming State Penitentiary, in the definition of peace officer. We analyze the definition of peace officer in effect in 1989 to determine whether the legislature intended to strip the training officers of their immunity by including them in the definition of peace officer.

■ This court analyzes statutes by looking first to the intent of the legislature. *State Bd. of Equalization v. Tenneco Oil Co.,* 694 P.2d 97, 100 (Wyo.1985). The legislature is assumed to have attached ordinary meaning to the terms used in the statute. *Soles v. State,* 809 P.2d 772, 773 (Wyo.1991). The Wyoming Governmental Claims Act will be considered as a whole and applied in a way that fulfills its purpose. *Parker Land and Cattle Co. v. Wyoming Game and Fish Com'n,* 845 P.2d 1040, 1042–43 (Wyo.1993).

In 1989, Wyo.Stat. § 7–2–101(a)(iv) provided:

"Peace officer" means:

(A) Any duly authorized sheriff, under sheriff or deputy sheriff;

(B) Any duly authorized member of a municipal police force, a college or university campus police force or the Wyoming highway patrol;

(C) Game and fish law enforcement personnel qualified pursuant to W.S. 9–1–701 through 9–1–707 and when enforcing Wyoming felony statutes following observation or discovery of the commission of a felony, during the performance of their statutory duties, or while responding to requests to assist other peace officers performing their official duties;

(D) Agents of the division of criminal investigation appointed pursuant to W.S. 9–1–613 and capitol security personnel designated and appointed under W.S. 9–2–1023(a)(i) [§ 9–2–1023(a)(vi) ]; and

(E) Inspectors of the Wyoming livestock board authorized under W.S. 11–20–201 who have qualified pursuant to

W.S. 9–1–701 through 9–1–707 when enforcing W.S. 11–19–101 through 11–24–115 and 11–29–101 through 11–30–113 and any laws prohibiting theft or mutilation of livestock or any part thereof.

In *Hurst,* 698 P.2d at 1133–34, interpreting an earlier version of Wyo.Stat. § 7–2–101, we held that parole officers are not "law enforcement officers" as defined in the Wyoming Governmental Claims Act. This court reasoned that if the legislature had intended to abrogate the parole officers' immunity, the parole officers would have been included in the definition of "law enforcement officer" articulated in Wyo.Stat. § 7–2–101. *Hurst,* 698 P.2d at 1133–34. Parole officers were not included in the definition of "law enforcement officer" and they were, therefore, immune from suit. *Id.* at 1134.

The *Hurst* reasoning applies to the Vigils' claims. If training officers are not included in the definition of peace officer, then the legislature did not intend to waive their immunity. *See, Soles,* 809 P.2d at 773–74 (holding inspections are not "maintenance" as defined in the Wyoming Governmental Claims Act and that the inspectors are immune from suit); and *Matthews v. Wyoming Dept. of Agriculture,* 719 P.2d 216, 219 (Wyo.1986) (holding that the commissioner of the Wyoming Department of Agriculture, the administrator of the state meat inspection program and a state meat inspector were not "law enforcement officers" as defined in the Wyoming Governmental Claims Act and were, therefore, immune from suit while acting in their official capacities).

Ruettgers, a training officer at the Wyoming State Penitentiary, was immune from suit while acting within the scope of his employment in 1989. Immunity for training officers at the Wyoming State Penitentiary had not been waived in 1989. The legislature provided no mechanism by which the Vigils could bring suit against the State in 1989; therefore, their claims are barred. *Worthington,* 598 P.2d at 801; *Hjorth Royalty Co.,* 222 P. at 9.

The Vigils also argue that training officers were included in the definition of peace officers in 1991 when Wyo.Stat. § 7–2–101(a)(iv) was amended to include detention officers by

reference to Wyo.Stat. §§ 9–1–701 through 9–1–707 (1991). The 1991 amendment to Wyo.Stat. § 7–2–101(a)(iv) added subparagraphs (F) (G) and (H). The Vigils rely on Wyo.Stat. § 7–2–101(a)(iv)(H) (Cum.Supp. 1994), which provides, in pertinent part:

> Any duly authorized detention officer in the performance of his duties and who has qualified pursuant to W.S. 9–1–701 through 9–1–707[.]

The Vigils contend that by adding detention officers to the statutory definition of peace officer in 1991, the legislature intended to include detention officers and training officers in the definition of peace officer in 1989. The opposite view is more compelling. Adding detention officers and training officers to the definition of peace officer in 1991 illustrates that the legislature did not intend to include them in the definition in 1989.

**FAILURE TO COMPLY WITH WYO.STAT. § 1–39–113 BARS CLAIMS**

■ The question of whether the claims asserted by Roseann Vigil and Michael Vigil are barred because of failure to comply with the filing requirements of the Wyoming Governmental Claims Act must be answered in the affirmative. We hold that failure to meet the filing requirements of the Wyoming Governmental Claims Act constitutes an independent basis for barring their claims.

Wyo.Stat. § 1–39–113(a) provides, in pertinent part:

> No action shall be brought under this act against a governmental entity unless the claim upon which the action is based is presented to the entity as an itemized statement in writing within two (2) years of the date of the alleged act, error or omission * * *.

■ Failure to file a claim within the two year time period allowed under Wyo.Stat. § 1–39–113(a) bars the claim. *Duran v. Board of County Com'rs of Sweetwater County,* 787 P.2d 971, 974 (Wyo.1990). The risk supervisor's affidavit indicates that neither Roseann Vigil nor Michael Vigil filed a claim with the State. Their claims are, therefore, barred because of their failure to

comply with Wyo.Stat. § 1–39–113(a). *Duran*, 787 P.2d at 974.

### EQUAL PROTECTION ARGUMENT NOT RAISED BELOW

■ This court generally refuses to consider issues not presented to the district court and then raised for the first time on appeal. *Iberlin v. TCI Cablevision of Wyoming, Inc.*, 855 P.2d 716, 728 (Wyo.1993). Exceptions are available for jurisdictional issues and issues involving certain fundamental matters. *Dennis v. Dennis*, 675 P.2d 265, 266 (Wyo.1984); *Matter of Parental Rights of PP*, 648 P.2d 512, 519 (Wyo.1982).

■ Gilbert Vigil's equal protection argument does not involve a fundamental matter of which we will take cognizance. *See White v. Fisher*, 689 P.2d 102, 105 (Wyo.1984) (addressing a separation of powers issue not raised in the district court or on appeal). Gilbert Vigil's right to sue the State is a statutory right. Wyo.Stat. §§ 1–39–101 through 1–39–120. We refuse to consider, for the first time on appeal, the argument that the statute is unconstitutional as applied to Gilbert Vigil. *See Bridge v. Eisenman Transport, Inc.*, 742 P.2d 768, 770 (Wyo. 1987).

■ The State also invites us to rule on the question of whether the definition of detention officer, as articulated in Wyo.Stat. § 9–1–701(a)(iii), waives immunity for correctional officers at the Wyoming State Penitentiary. The invitation amounts to a request for an advisory opinion. We have repeatedly declined to render advisory opinions and will not do so at this time. *See, Engberg v. State*, 874 P.2d 890, 891–92 (Wyo.1994); *Foster v. Wicklund*, 778 P.2d 118, 121 (Wyo.1989) and *Brad Ragan Tire Co. v. Gearhart Industries*, 744 P.2d 1125, 1126 (Wyo.1987).

### IV. CONCLUSION

The fact that the State and Ruettgers were immune from suit in 1989 is dispositive of this case. Summary judgment was properly granted on that basis alone. Further, Roseann and Michael Vigil's claims were barred because of their failure to comply with the filing requirements of the Wyoming Governmental Claims Act. Gilbert Vigil's equal protection argument was not raised below and we will not address it on appeal.

Affirmed.