**Gary HOBLYN and Roger Koch,**
**Appellants (Defendants),**

v.

**Jeffrey GOINS and Jennifer Goins,**
**Appellees (Plaintiffs).**

**No. 97–355.**

Supreme Court of Wyoming.

April 29, 1999.

Bernard Q. Phelan of Phelan–Watson Law Office, Cheyenne, Wyoming, for Appellants.

Dale W. Cottam and Boyd M. McMaster of Hirst & Applegate, P.C., Cheyenne, Wyoming. Argument by Mr. Cottam, for Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

GOLDEN, Justice.

This case arose out of a claim of lien by Appellant Gary Hoblyn (Hoblyn) against property owned by Appellees Jennifer and Jeffrey Goins (the Goinses). After receiving a notice of lien, the Goinses filed a "Petition for Relief Under Wyo. Stat. § 29–1–311" against Hoblyn and Roger Koch to set aside the lien. Following a hearing, the district court entered an order in favor of the Goinses, striking Hoblyn's claim of lien and granting the relief authorized by Wyo. Stat. Ann. § 29–1–311. Hoblyn and Koch appeal from that order.

* Chief Justice at time of oral argument; retired November 2, 1998.

Upon review of Wyo. Stat. Ann. § 29–1–311, we find that the statute requires a recorded claim of lien. Generally, liens on personal property do not require a lien statement or recordation unless the lienor relinquishes possession of the property. Hoblyn did not file a lien statement or record his claim of lien. Therefore, the statute does not apply to this particular situation, and the district court erred when it granted relief pursuant to the statute.

We reverse.

## ISSUES

Appellants Hoblyn and Koch present a single issue for our review:

Was the lower court's order applying W.S. § 29–1–311 clearly erroneous when there was no evidence that a lien statement had been recorded or filed?

Appellees, the Goinses, submit this statement of the issues:

I. Should the supreme court reverse the trial court's decision on the issue of whether or not there was a recorded claim of lien when the appellants raise the issue for the first time on appeal?

II. Should the supreme court reverse the trial court's decision where the appellants have failed to present sufficient evidence to warrant reversal?

## FACTS[1]

In the spring of 1997, the Goinses sold their home to Appellant Roger Koch. The Goinses asked Koch for permission to leave their 1965 Ford Mustang on the property until they repaired a trailer to remove the vehicle. The Goinses understood that Koch would allow them to leave the vehicle on his property until they were able to retrieve it. Koch did not indicate that he expected to be paid any storage fees for allowing the Goinses to leave the vehicle on his property.

In August of 1997, the Goinses received a letter from Hoblyn, informing them that he had possession of the vehicle and that the storage fees were past due. When the Goinses contacted Koch about the letter, Koch informed them that he no longer had the vehicle and that they should contact Hoblyn. Hoblyn had an unlisted telephone number, and the Goinses were unable to contact him. Hoblyn did not make any other attempts to contact the Goinses and subsequently published a notice of sale in the Wyoming Tribune Eagle newspaper announcing that the vehicle would be sold to the highest bidder at 6:00 a.m. on October 15, 1997.

The Goinses testified that they did not agree to pay either Koch or Hoblyn the $50 towing fee or $30 per day storage fee that Hoblyn demanded in his August 15, 1997, letter to the Goinses. Although Hoblyn testified that he overheard a telephone conversation between Mrs. Goins and Koch, during which Mrs. Goins agreed to pay storage fees for the vehicle, Koch testified that he had no agreement with the Goinses for storage of the vehicle and he was unaware of any agreement between the Goinses and Hoblyn for storage of the vehicle.

The Goinses subsequently filed a petition with the district court entitled "Petition for Relief Under Wyo. Stat. § 29–1–311." After a hearing, the district court issued an order finding that the Goinses did not agree to pay Koch or Hoblyn for storage of the vehicle. The court also determined that Koch and Hoblyn knew that the Goinses had not agreed to pay for storage of the vehicle and that the "statement of lien, published in the Wyoming Tribune Eagle ... contains a material misstatement in that the claimed lien amount of $2,800 has no relation to any reasonable storage charge which [Koch and Hoblyn] would be entitled to even if an agreement existed." Because Koch and Hoblyn knew, at the time of publishing the lien statement in the Wyoming Tribune Eagle, that the lien was groundless and contained a material misstatement, the court ordered the claimed lien stricken and released. The district court also ordered Koch and Hoblyn to release the vehicle to the Goinses and to pay the Goinses $1,927.50, which represented "$1,000 statutory damages as authorized by Wyo. Stat. § 29–1–311(b)(iv), together with costs of $35.00 and

---

1. No verbatim record of the hearing was kept in this matter. Our review is limited to the Statement of Evidence approved by the district court pursuant to W.R.A.P. 3.03.

$892.50 in attorneys' fees." Koch and Hoblyn appeal from that order.

## DISCUSSION

We are asked to determine whether Wyo. Stat. Ann. § 29–1–311 applies to the factual situation presented. The statute in question provides:

(a) Any claim of lien against a federal, state or local official or employee based on the performance or nonperformance of that official's or employee's duties shall be invalid unless accompanied by a specific order from a court of competent jurisdiction authorizing the filing of the lien or unless a specific statute authorizes the filing of the lien.

(b) Any person whose real or personal property is subject to a **recorded** claim of lien who believes the claim of lien is invalid under subsection (a) of this section, was forged, or that the person claiming the lien knew at the time of **filing** the lien was groundless, contained a material misstatement or false claim, may petition the district court of the county in which the claim of lien has been **recorded** for the relief provided in this subsection. The petition shall state the grounds upon which relief is requested, and shall be supported by the affidavit of the petitioner or his attorney setting forth a concise statement of the facts upon which the motion is based. The clerk of court shall assign a cause number to the petition and obtain from the petitioner a filing fee of thirty-five dollars ($35.00). Upon the filing of the petition the following shall apply:

(i) The court may enter its order, which may be granted ex parte, directing the person claiming the lien to appear before the court at a time no earlier than six (6) nor later than fifteen (15) days following the date of service of the petition and order on the person claiming the lien, and show cause, if any, why the relief provided in this subsection should not be granted;

(ii) The order shall clearly state that if the person claiming the lien fails to appear at the time and place noted, the claim of lien shall be stricken and released, and that the person claiming the lien shall be ordered to pay damages of at least one thousand dollars ($1,000.00) or actual damages, whichever is greater, and the costs incurred by the petitioner, including reasonable attorneys' fees;

* * *

(iv) If, following a hearing on the matter the court determines that the claim of lien is invalid under subsection (a) of this section, was forged or that the person claiming the lien knew at the time of filing the lien was groundless or contained a material misstatement or false claim, the court shall issue an order striking and releasing the claim of lien and awarding damages of one thousand dollars ($1,000.00) or actual damages, whichever is greater, costs and reasonable attorneys' fees to the petitioner to be paid by the person claiming the lien;

(v) If the court determines that the claim of lien is valid, the court shall issue an order so stating and shall award costs and reasonable attorneys' fees to the person claiming the lien to be paid by the petitioner.

Wyo. Stat. Ann. § 29–1–311 (Michie 1997) (emphasis added).

■ Statutory interpretation is a question of law and is reviewed *de novo*. *Corkill v. Knowles*, 955 P.2d 438, 440 (Wyo.1998). We summarized our rules of statutory construction in *General Chemical Corp. v. Wyoming State Bd. of Equalization*, 819 P.2d 418, 420 (Wyo.1991), and reiterated them in *Laramie County Bd. of Equalization v. Wyoming State Bd. of Equalization*, 915 P.2d 1184, 1189 (Wyo.1996):

[T]his court looks only to the intent of the legislature when enforcing or construing statutes. * * * Legislative intent must be ascertained initially and primarily from the words used ·in the statute. * * * If the language selected by the legislature is sufficiently definitive, that language establishes the rule of law. Any additional construction can be resorted to only if the wording is ambiguous or unclear to the point of demonstrating obscurity with respect to the legislative purpose or mandate. * * * We previously have articulated the proposition that a statute is ambiguous only if it is found to

be vague or uncertain and subject to varying interpretations. The converse of this proposition is that the statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with consistency and predictability. The question of whether an ambiguity exists in a statute is a matter of law to be determined by the court.

*Id.* (citations omitted). "It is a fundamental rule of statutory interpretation that all portions of an act must be read in pari materia, and every word, clause, and sentence must be construed so that no part is inoperative or superfluous." *Corkill,* 955 P.2d at 444. Wyo. Stat. Ann. § 29–1–311 clearly requires the property to be "subject to a recorded claim of lien" or the filing of a lien which was "groundless, contained a material misstatement or false claim." Appellees suggest that we ignore the portion of the statute which requires recordation of the claim of lien. This we cannot do.

In fact, the statute also provides that the person "may petition the district court of the county in which the claim of lien has been recorded for the relief provided in this subsection." Wyo. Stat. Ann. § 29–1–311(b) (Michie 1997). Without recordation of the claim of lien, it is not possible to "petition the district court of the county in which the claim of lien has been recorded." The district court is without jurisdiction unless the claim of lien has been recorded.

■ The Goinses argue that Hoblyn and Koch failed to raise the recordation issue in the proceedings before the district court. "This court generally refuses to consider issues not presented to the district court and then raised for the first time on appeal." *Vigil v. Ruettgers,* 887 P.2d 521, 526 (Wyo. 1994) (citing *Iberlin v. TCI Cablevision of Wyoming, Inc.* 855 P.2d 716, 728 (Wyo. 1993)). However, we make exceptions for "jurisdictional issues and issues involving certain fundamental matters." *Id.* (citing *Dennis v. Dennis,* 675 P.2d 265, 266 (Wyo. 1984)). As noted above, the district court is without jurisdiction to provide relief pursuant to Wyo. Stat. Ann. § 29–1–311 unless the claim of lien has been recorded.

## CONCLUSION

■ Absent recording or filing of a lien statement, the district court does not have jurisdiction to apply the relief provided by Wyo. Stat. Ann. § 29–1–311 (Michie 1997). Although sympathy for the lienees in this matter is certainly understandable, given the circumstances under which the lienors purported to obtain the lien, the Goinses must seek other relief from the district court.