**Russell Gene BARNES, Appellant (Defendant),**

v.

**Jane McKay BARNES, a/k/a Jane Betschart, Appellee (Plaintiff).**

No. 98–313.

Supreme Court of Wyoming.

March 6, 2000.

Representing Appellant: Pro se.

Representing Appellee: Edward A. Buchanan of Knudsen Law Offices, Torrington, WY.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

LEHMAN, Chief Justice.

Appellant Russell Barnes filed this appeal *pro se* challenging the district court's denial of his motion to vacate the divorce decree granted to appellee Jane McKay Betschart (formerly Jane Barnes). Finding no error, we affirm.

## ISSUES

Appellant presents the following issues:

1. Was the Appellant denied due process by not being afforded notice of the [divorce] hearing and the meaningful opportunity to be heard?

2. Did [Appellant's counsel] violate the Rules of Professional Conduct by continuing to represent the Appellant even after she was discharged?

3. Did the Court err in determining the distribution of property, child custody, and amount of child support?

Appellee responds with these issues:

I. Should Appellant's appeal be dismissed for failure to comply with the Wyoming Rules of Appellate Procedure?

II. Whether the district court abused its discretion in denying Appellant's motion for order to vacate amended decree of divorce and its accompanying motions for a temporary restraining order and peremptory disqualification of judge?

III. Whether Appellant is precluded from arguing on this appeal the merits of the district court's decisions in the underlying divorce case and is restricted to arguing only the district court's denial of his assorted motions?

IV. Should Appellee be awarded attorney fees under W.R.A.P. 10.05?

## FACTS

On December 18, 1996, the district court held a scheduled hearing on appellee's petition for divorce from appellant. Counsel for appellant was present, but appellant did not appear. Before continuing with the hearing, the district court held an *in camera* proceeding to determine the reason for appellant's absence. There, counsel for appellant ex-

plained that she and her client were present at a motions hearing on November 12, 1996, where the court set the time and the date for the present divorce hearing. Counsel recalled that, at that time, appellant agreed to provide information regarding appellant's income which had been requested by appellee. Counsel further stated that several days after the November hearing, she left town until December 5, 1996. Appellant did not contact her office while she was gone. Upon her return, counsel attempted to contact appellant several times, including a telephone call to his mother to determine appellant's location, but was unable to reach him. Counsel concluded by informing the court that appellant knew the date and time he was to be at court, and she did not know why appellant was not present. Appellee's counsel corroborated the fact that both parties had been present at the November 12 hearing, that notice of the current hearing was given at that time, and that appellant had not provided the information requested at the November hearing.

The trial court proceeded with the hearing, finding that several continuances had previously been granted and appellant voluntarily chose not to be present at the hearing despite notice of its date and time. On January 24, 1997, appellant sent a letter to the judge apologizing for his absence and asking the court to advise him of what to do next. Because no certificate of service on either of the attorneys accompanied the letter, the court returned a copy of the letter to both counsel, unread, and placed the original in the file. On March 14, 1997, appellant filed a *pro se* "Objection Notice" in which he alleged that his counsel had no proper authority to represent him and that he was not "properly notified of any hearing in this matter." Appellant further alleged that "[due] to the criminal action ... and [his] incarceration on February 6, 1997, [his] ability to conform to this decree is impossible."

The record is silent as to when an original decree issued; however, on March 27, 1997, the trial court granted an Amended Decree of Divorce awarding primary custody of the two children to appellee. The trial court also determined property division and monthly child support to be paid by appellant. Fourteen months after the decree issued, on May 29, 1998, appellant filed a notice of appeal "pursuant to Rule 60(b)" challenging the divorce decree. On June 22, 1998, that appeal was dismissed due to its untimely filing. Refusing to be deterred, on August 27, 1998, appellant filed a motion to vacate the divorce decree with the trial court, pursuant to W.R.C.P. 60(b)(4) and (6). Appellant claimed he was denied due process because he was not afforded notice of the hearing and a meaningful opportunity to be heard. This motion was accompanied by a motion for a temporary restraining order and a motion to peremptorily disqualify the judge.[1] The district court issued a decision letter denying appellant's motions without a hearing on September 23, 1998. An Order to that effect was filed on October 2, 1998, and this appeal followed.

### STANDARD OF REVIEW

Appellant claims error under both W.R.C.P. 60(b)(4) and (6). These subsections provide:

> (b) On motion, and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time....

Generally, we review a motion brought pursuant to Rule 60(b) to determine whether there has been an abuse of discretion. *State ex rel. TRL v. RLP*, 772 P.2d 1054, 1057 (Wyo.1989); *McBride v. McBride*, 598 P.2d 814, 816 (Wyo.1979). "When the judgment is attacked pursuant to W.R.C.P. 60(b)(4), however, there is no question of discretion—either the judgment is void or it is valid—and, once the question of its validity is resolved, the trial court must act accordingly." *State ex rel. TRL*, 772 P.2d at 1054; *see also Emery v. Emery*, 404 P.2d 745, 749 (Wyo. 1965).

---

1. The denial of these motions is not a subject on appeal.

## DISCUSSION

■ As an initial matter, appellee requests that we invoke our discretionary power under W.R.A.P. 1.03 to dismiss this appeal due to appellant's failure to follow various rules of appellate procedure. Appellant did not designate any record, but instead attached miscellaneous documents as an appendix to his brief. We decline to dismiss this case only because we find sufficient information in the official record to affirm the district court's denial of appellant's motions on their merits. *See Rogers v. Rogers,* 973 P.2d 1118, 1120–21 (Wyo.1999). We note, however, that we will disregard appellant's attachments which are not contained in the official record of this matter.

■ Relief under Rule 60(b)(4) is appropriate only if appellant demonstrates that the court that rendered the decision "lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *DMM v. DFH,* 954 P.2d 976, 978 (Wyo.1998) (quoting Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure: Civil 2nd* § 2862, at 326–29 (1995)). Appellant does not contend that there is a jurisdictional error. The crux of appellant's claim is his assertion that he was denied due process because he was not present at a November 12 hearing; he was not notified of the date for the divorce hearing; and he had terminated counsel's representation approximately two weeks prior to the December hearing date.

There is nothing in the record, however, to substantiate appellant's claims that he did not receive notice of the hearing date or that he terminated counsel prior to the December hearing. The district court, recognizing the importance of appellant's right to due process, verified on the record that appellant had received notice of the hearing and that appellant's absence was his own doing. Even had the appellant fired his counsel, he had sufficient time to retain new counsel and/or to appear at the hearing, but he chose not to do so. Appellant's belated *ex parte* submission of his apology for not appearing made no mention of his current claims. While his later-filed objection states that his counsel

had no "proper authority" to represent him and that he was not "properly" notified of the hearing, his only reference to a request for relief is his plan to appeal the district court's decision. He did not do so until over a year later—well beyond the time allowed by rule. Based on this record, we find no denial of appellant's due process rights and, therefore, no error in the district court's denial of relief pursuant to Rule 60(b)(4).

■ Appellant also argues that he is entitled to relief under the provision of W.R.C.P. 60(b)(6) that permits relief for "any other reason justifying relief from the operation of the judgment." We have repeatedly invoked the concept that this provision should be utilized only under extraordinary circumstances. *Fluor Daniel (NPOSR), Inc. v. Seward,* 956 P.2d 1131, 1136 (Wyo.1998); *Lee v. Sage Creek Refining Co.,* 947 P.2d 791, 794 (Wyo.1997); *Vanasse v. Ramsay,* 847 P.2d 993, 998 (Wyo.1993); *Hochhalter v. Great Western Enterprises, Inc.,* 708 P.2d 666, 669–70 (Wyo.1985). Nothing in this record demonstrates the existence of extraordinary circumstances which justify relief under this "catch all" phrase.

■ Appellant's failure to retain new counsel or to appear at the December hearing is not sufficient justification for relief under Rule 60(b)(6). *See Matter of Injury to Seevers,* 720 P.2d 899, 903 (Wyo.1986). In his brief to this court, appellant insists that his incarceration in the Wyoming State Penitentiary two months after the December hearing, and his resulting lack of access to court documents, justifies the time lapse between the issuance of the decree and his motion for relief under Rule 60(b). We find no mention of this excuse to the district court in appellant's Motion to Vacate. "This court generally refuses to consider issues not presented to the district court and then raised for the first time on appeal." *Hoblyn v. Goins,* 977 P.2d 1281, 1284 (Wyo.1999) (citing *Vigil v. Ruettgers,* 887 P.2d 521, 526 (Wyo. 1994)).

Moreover, even were we to accept appellant's claim that he was deprived of access to legal information, he admits he did have access as of November 1997. Appellant offers

no explanation as to why it would be reasonable to wait until August of 1998 to file his motions. Given a lack of exceptional circumstances and his failure to file his motion within a reasonable time, we find that the district court clearly did not abuse its discretion in denying appellant's request for relief pursuant to Rule 60(b)(6).

■ We refuse to consider appellant's remaining claims as they are unsupported by the record, cogent argument, or pertinent authority. *Osborn v. Estate of Manning,* 968 P.2d 932, 933 (Wyo.1998).

■ Finally, we turn to appellee's request for sanctions pursuant to W.R.A.P. 10.05. We recognize that sanctions normally are not available where a discretionary ruling of the district court is questioned. *Meyer v. Rodabaugh,* 982 P.2d 1242, 1245 (Wyo.1999) (citing *Russell v. Russell,* 948 P.2d 1351, 1356 (Wyo.1997)). In this case, however, the only discretionary ruling of the district court related to appellant's claim under Rule 60(b)(6). *See DMM v. DFH,* 954 P.2d at 978. In regard to this claim, appellant failed to designate any record or mount cogent argument supporting his contentions. Indeed, there is no apparent reason for appellant's current appeal other than to end-run our determination that his direct appeal was untimely filed. We take this opportunity to reiterate what we said in *Kennedy v. Kennedy,* 483 P.2d 516, 518 (Wyo.1971):

> One of the principal purposes behind the adoption of the Wyoming Rules of Civil Procedure was to put an end to delays in litigation; and Rule 60(b) was not intended as a means of enlarging by indirection the time for appeal except in compelling circumstances where justice requires that course or unless relief under the motion has been granted.

(Citation omitted.) *See also Harris v. Taylor,* 969 P.2d 142, 144 (Wyo.1998); *Ahearn v. Anderson–Bishop Partnership,* 946 P.2d 417, 423 (Wyo.1997).

The only purpose served by appellant's current use of our judicial system is the continued harassment of appellee and the waste of judicial resources. We, therefore, grant appellee's request for sanctions in this case. Appellee shall submit a statement of costs and attorney fees to this court; and, upon review, appropriate costs, fees and penalty will be awarded.

### CONCLUSION

The district court carefully preserved a record which clearly negates appellant's claims that he was denied due process and did not have an opportunity to be heard. Appellant has failed to designate any record to support a basis for granting relief pursuant to Rule 60(b) of the Wyoming Rules of Civil Procedure. Due to appellant's lack of record support for his claims, cogent argument, or the citation of pertinent authority, we grant appellee's request for sanctions.

The judgment of the district court is affirmed.